438 So.2d 1042 (1983)
Leon WHITEMAN, Appellant,
v.
UNITED PARCEL SERVICE and Liberty Mutual Insurance Company, Appellees.
No. AQ-393.
District Court of Appeal of Florida, First District.
October 14, 1983.
*1043 Daniel J. James of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
Walter E. Beisler of Beisler & Wells, West Palm Beach, for appellees.
ROBERT P. SMITH, Jr., Judge.
As the deputy found, claimant's December 1981 claim for chapter 440 compensation and medical benefits was barred by the two-year statute of limitations. Section 440.19(2)(a), Florida Statutes (1981), bars claims for compensation for disability unless filed within two years "after the date of the last payment of compensation or after date of the last remedial treatment furnished by the employer." Section 440.19(2)(b), Florida Statutes (1981), similarly bars his claim for remedial attention unless filed within two years "after the date of the last payment of compensation or ... after the date of the last remedial attention furnished by the employer."
Here the deputy found, on substantial competent evidence, that there was no carrier misleading of the claimant such as would estop the carrier from interposing the limitations defense. See Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981). The only remaining inquiry, then, is whether the date of the "last remedial attention" or the "last remedial treatment" furnished by the carrier was November 20, 1979, when claimant was last examined by the authorized physician, or whether the critical date was later, as when in January 1980 the carrier notified claimant that no further treatment would be authorized, or when some months later the carrier paid the physician's outstanding bill for services last rendered November 20, 1979. Claimant's claim for additional benefits was filed December 14, 1981.
On this question the statutory language seems clear. The "last remedial attention" or "last remedial treatment" furnished this claimant was furnished in the form of a physician's examination on November 20, 1979, and the claim filed more than two years later was barred. Refusing claimant further medical attention in January 1980 was not the furnishing of remedial attention or treatment; nor was the later payment, for medical attention previously furnished, a renewed furnishing of attention or treatment.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.