474 So.2d 355 (1985)
Ethel BOSTON, Appellant,
v.
BUDGET LUXURY INNS, Sentry Insurance Company, and American Mutual Liability Insurance Company, Appellees.
No. BA-301.
District Court of Appeal of Florida, First District.
August 8, 1985.
Rehearing Denied September 13, 1985.
Paul F. Crames, Oldsmar, for appellant.
Paul J. Morgan and Rex A. Hurley of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellees Budget Luxury Inns and Sentry Ins.
Richard W. Driscoll of Miller, McKendree, Somers & Olsen, Tampa, for appellee American Mut. Liability Ins. Co.
*356 ZEHMER, Judge.
Ethel Boston (claimant) appeals from an order denying her claim for further medical treatment on res judicata grounds. We disapprove the application of res judicata in this case, and reverse.
Claimant suffered compensable injuries in September 1975 and March 1976 while working as a waitress. An order entered May 25, 1977, determined that she had suffered a ten percent permanent partial disability and had reached maximum medical improvement on July 13, 1976. The order directed that she be provided further diagnostic testing, including a myelogram at the expense of the employer and its two carriers (E/C).
Thereafter, in June 1979, pursuant to section 440.28, Florida Statutes (1977), claimant sought a modification of that order based on a substantial change in condition. The requested relief was granted in part in an order entered November 21, 1980, which provided for the payment of permanent total disability benefits and future "remedial and/or palliative treatment, care and attention as the nature of her injuries or the process of her recovery may require." The November 21, 1980, order was appealed and we reversed the modification awarding permanent total disability because of a statute of limitations problem. We did not reach the merits of that award, and affirmed the provision for future remedial or palliative medical treatment. Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1982), rev. denied, 415 So.2d 1359 (Fla. 1982). This ruling left intact the prior determination of ten percent permanent partial disability.
In 1983 claimant requested, among other items, a Jacuzzi and an exercycle or a swimming pool, for medical treatment. Claimant did not seek to modify prior orders, nor did the E/C move to modify prior orders. The E/C defended on the basis that claimant's medical condition sought to be treated by these items was not causally related to the compensable accidents. In an order entered May 24, 1983, the deputy relied on deposition testimony taken in January 1983 of Dr. Campbell, a board-certified physician in both neurology and psychiatry, and found that claimant's medical condition was the result of a relatively dormant congenital disease known as Ehlers-Danlos Syndrome,[1] triggered by her workrelated accidents. The deputy accepted Dr. Campbell's testimony that, "although he had not seen the claimant in two years, he would have expected the disease to have progressed to the point where the claimant's disability would be solely related at this time to the Ehlers-Danlos Syndrome" and that the need for treatment "would now be a result of the natural progression of the disease." The deputy rejected contrary testimony of two other physicians because they appeared to lack sufficient knowledge of the disease. The deputy denied the claim, reciting that "Claimant's medical treatment is now related solely to the Ehlers-Danlos Syndrome, having surpassed and gone beyond, at this point, any aggravation of the accidental injuries." This statement went beyond the issues then before the deputy for decision.
The order here appealed denied claimant's request for further medical treatment by Dr. Martinez, a neurologist. The E/C defended this claim, in part, on the ground that the condition for which claimant was seeking treatment was not caused by her accidents and that this lack of causal relationship had previously been determined in the unappealed order of the deputy entered May 24, 1983.[2]
At the hearing which resulted in the order under review, the parties did not *357 present any evidence in addition to that previously presented in connection with the prior orders; rather, counsel made legal arguments regarding the applicability of the res judicata defense. At the conclusion of the hearing, the deputy agreed with the E/C and entered the order denying this claim solely on the grounds of res judicata.
A significant portion of claimant's brief on appeal is devoted to asserting the lack of competent, substantial evidence to support the conclusion in the May 24, 1983, order that claimant's condition was no longer related to her accidents, mainly by attacking Dr. Campbell's opinion testimony relied on by the deputy. Since no timely appeal was taken from that order, claimant's attempted collateral attack on its validity at this time will not be permitted. That does not mean, however, that the May 24, 1983, order conclusively decided the issue now before us.
Except to the extent modification is permitted by section 440.28, Florida Statutes, compensation orders are governed by the same principles of res judicata as are judgments of a court. Florida Mining & Materials v. Moore, 443 So.2d 328 (Fla. 1st DCA 1983); Wellcraft Marine Corp. v. Turner, 435 So.2d 864 (Fla. 1st DCA 1983). Claimant asserts that res judicata does not apply here because in the earlier claim she was seeking only a pool or a Jacuzzi and an exercycle for treatment purposes, while in the claim now under review she sought diagnosis and treatment by a neurologist. Since, as claimant says, an essential element of res judicata is the identity of the thing sued for, 32 Fla.Jur.2d, Judgments & Decrees, § 107, application of the doctrine was improper.
We agree with claimant that res judicata was not applicable here due to a lack of the requisite identity of issues. Neither the claim for treatment with a pool or a Jacuzzi and an exercycle denied in the prior order, nor the claim for medical treatment by Dr. Martinez denied in the order under review, was predicated on modification of a prior outstanding order. On the contrary, both claims were for medical treatment preserved to claimant by prior orders. Although claimant lost in her attempt to modify the ten percent permanent partial disability assigned in the May 25, 1977, order, that adjudication and her right to medical benefits under our prior decision remained in effect. The E/C had made no application for modification of either provision at the 1983 hearing which resulted in the May 24, 1983, order, so the deputy's denial of treatment (pool, etc.) at that time did not have the legal effect of modifying these provisions of prior orders.
We emphasize that the question of whether a claim (by claimant or carrier) is one for modification ordinarily depends on its substance and not its form or label as such. The deputy's order of May 24, 1983, states on its face that it resulted from a hearing in which the stipulated defense was simply "the position... that such treatment [Jacuzzi or pool] was not necessary, and not causally related to the ... accidents." The word "such," unlike the word "all," is a word of limitation which confined the adjudication to that specific treatment. The quoted defense plainly did not challenge claimant's continuing need for any and all kinds of treatment, remedial or palliative, previously authorized in an order awarding such care for disability "as a result of her initial injuries combined, merged or acted upon by her Ehlers-Danlos syndrome," which was "lighted up by her initial injury" and "caused her injuries not to heal, as they would normally have done." The quoted language from the prior (1980) order adjudicated a broad scope of authorized medical treatment which included the merged effect of the Ehlers-Danlos syndrome. Appellant's failure to appeal the 1983 order, therefore, cannot be held to preclude by estoppel any claim for care within the terms of the former order or the statute generally. To apply estoppel doctrines in such a case would dictate improper appeals by parties who do not wish to challenge the decretal portion of an order.
Claimant's right to further medical treatment by Dr. Martinez was not, and need not be, perfected by way of modification *358 under section 440.28, since her legal right to continuing medical benefits, as provided in the prior order, has never been terminated. Our prior opinion in this case recognized the claim for remedial treatment as a claim for modification of an earlier order awarding permanent disability benefits and palliative care. Budget Luxury Inns v. Boston, 407 So.2d 997, 100 (Fla. 1st DCA 1981); cf., Washington v. Dade County School Board, IRC Order No. 2-3694 (1979). Under the circumstances of this case, if the E/C desires to terminate claimant's continuing right to medical treatment under that order, they must do so by obtaining an appropriate order of modification upon timely and proper application.
We note that claimant did not present any evidence by a physician or other competent medical or lay witness to carry her burden of showing that she was once again in need of medical treatment causally related to the compensable accidents. The deputy commissioner had only the evidence considered at the prior hearing on the claim for a pool or a Jacuzzi and an exercycle to treat claimant's then-existing condition, and that evidence had been held insufficient to show the necessary causal relationship between claimant's then-complaints and her accidental injuries. Insufficient then, it is insufficient now, and the need for the requested medical care cannot be shown without presenting additional evidence.
We note, however, that the record is unclear whether claimant has or could offer any additional competent, substantial evidence, lay or medical, to show a current need for medical treatment causally related to her compensable injury. Apparently the only issue submitted at the hearing was the legal question on res judicata. The adverse ruling on that issue may well have involuntarily precluded claimant from presenting available evidence of need for medical treatment that would show the requisite causal relationship. We do not, of course, consider the merits of the proximate cause issues which may be presented on remand herein.
Accordingly, we reverse the appealed order and remand for further proceedings. Should claimant not present any additional evidence, her claim should be summarily denied.
REVERSED and REMANDED.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
I would affirm.
The May 24, 1983, order denied the claim for treatment on the basis that the claimant's condition, by that time, was a result of the natural progression of the congenital disease and not the results of the industrial accidents. For that conclusion, the deputy relied upon Dr. Campbell's testimony that the claimant's congenital disease would have, by that time, resulted in her then condition even without the intervention of the industrial accidents. The employer/carrier had defended that claim on the basis that the claimant's condition, by that time, was not causally related to the accidents. No appeal was taken by the claimant from the May 24, 1983, order.
In my view, the claimant's subsequent claim for treatment, absent grounds for modification under Section 440.28, was properly denied by the June 28, 1984, order. Even if application of the doctrine of res judicata might be technically inappropriate here in some respect, the related principle of estoppel by judgment would support the June 28, 1984, order.
NOTES
[1] Ehlers-Danlos Syndrome is an inherited connective tissue disorder characterized by articular hypermobility, a dermal hyperelasticity, and widespread tissue fragility. Symptoms are evidenced in part by the ability to extend or rotate joints of the body well beyond their normal range of motion.
[2] The statute of limitations defense was not considered by the deputy and has not been argued on appeal.