498 So.2d 616 (1986)
Kenneth Wayne PROCTOR, Appellant,
v.
SWING SET DAY CARE CENTER & SEIBELS, Bruce Group, Appellees.
No. BK-87.
District Court of Appeal of Florida, First District.
December 5, 1986.
*617 Kenneth Wayne Proctor, pro se.
B.C. Pyle, Orlando, for appellees.
WENTWORTH, Judge.
Appellant seeks review of a 10/30/85 workers' compensation order denying temporary total disability (TTD) or temporary partial disability (TPD) benefits from 1977, and denying rehabilitation, on the ground that his claim was barred by the statute of limitations in section 440.28, Florida Statutes.
Appellant contends the true nature and full extent of a back injury he sustained in 1977 was not detected until seven years after the date of the injury. We find that appellant's claim was a subsequent claim for additional compensation governed by section 440.19(2)(a), Florida Statutes, rather than a petition for modification of a prior order under section 440.28, Florida Statutes. As such, the claim was not barred by the two year statute of limitations under section 440.28. We therefore reverse the order.
Appellant in 1977 injured his back while moving furniture and carpeting. A June 12, 1978 order awarded appellant temporary total disability benefits, medical reimbursements, costs and attorney's fees. Appellant on March 3, 1979 received a lump sum payment pursuant to that order. He received no further compensation payments after that date.
Appellant continued to experience back and leg pain from 1977 through 1984, when Dr. Robert Mozingo found appellant to have a herniated disc and recommended surgery. A microdiskectomy and hemilaneotomy were performed in March 1985, and a second diskectomy was performed in April 1986.
Appellant on August 16, 1984 filed a claim or a petition for modification. Appellant's attorney dismissed that claim without a hearing. Appellant, representing himself, on June 11, 1985, again filed a claim designated for "modification", but seeking TTD or TPD benefits and rehabilitation. The employer/carrier voluntarily authorized and offered medical treatment from June 11, 1985 until September 17, 1985, the date of the hearing.
Because the award of compensation in 1978 was limited to temporary disability benefits, appellant's June 1985 claim was not substantively a petition for modification of a prior order. Appellant was not requesting benefits that were specifically denied by or were inconsistent with the prior order, but was instead claiming additional compensation.
Section 440.19(2)(a), Florida Statutes, applies to initial or subsequent claims for compensation. Under that section, a claim must be filed within two years of an injury, except where payment of compensation has been made or remedial treatment has been furnished by the employer without an award, in which case a claim may be filed within two years after the date of the last payment of compensation, or after the date of the last remedial treatment furnished by the employer.
In this case, the employer authorized and provided medical treatment from June 11, 1985 until September 17, 1985, a period clearly not covered by the 1978 order. Under the language of section 440.19(2)(a), as most recently construed, the voluntary payment of compensation or remedial treatment revives the two year limitation period, *618 even if an accrued defense existed at the time of such payment. Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986). Appellant's claim was therefore not barred by the statute.
Reversed.
BOOTH, C.J., and MILLS, J., concur.