BARFIELD, Judge.
This court has twice ordered the parties to supplement the record with missing orders of revocation of probation and the supporting affidavits. The parties have managed to submit one of the missing orders (Cases No. 83-1254, 83-1281 and 83-2693) but have yet to produce the third order (Cases No. 82-1980 and 82-1981) and the underlying affidavits for these two orders. Rather than waste more of this court’s judicial resources in attempting to complete this record, we remand to the trial court to revisit all three orders of revocation of probation. The court announced probation was being revoked solely because of appellant’s early 1985 bad check convictions. The written orders before the court and, we presume, the still missing order refer to other breaches of the conditions of probation. The trial court indicated these breaches were not important to it in revoking probation. Thus, the trial court is to insure that its orders of revocation of probation conform to its announced findings. The final order should also reflect that appellant pled not guilty to the charges of violation of probation. The appellants’ other issue on appeal is without merit.
ERVIN and WIGGINTON, JJ., concur.