JOANOS, Judge.
Claimant Todd Iuen has appealed from a determination by the deputy commissioner that his claim for medical benefits was barred by the statute of limitations, Section 440.19(l)(b), Florida Statutes (1985). We reverse and remand for further proceedings.
In May 1984, Iuen injured his knee in the course of his employment with Live Wire Electric Company (employer) and was authorized to consult an orthopedist, Dr. Ma-honey. Dr. Mahoney did not treat the knee, telling Iuen that it would heal with time. Iuen continued thereafter to work for employer. He did not consult Dr. Ma-honey again until August 1986, after informing his supervisor that he was going to do so. No objection was made, and the record reflects that employer’s insurance carrier paid the resulting bill for examination and x-rays. It was not until Iuen sought authorization for knee surgery that the employer and carrier (E/C) alleged that the statute of limitations had run on the May 1984 injury. The deputy commissioner agreed, and dismissed Iuen’s claim on that ground.
Section 440.19(l)(b), Florida Statutes (1985) provides that all rights for remedial *1313 attention shall be barred unless a claim therefor is filed with the division within two years after the time of injury, except that, if remedial attention has been furnished by the employer without an award on account of.such injury, a claim may be filed within two years after the date of the last remedial attention furnished by the employer. Voluntary payment for remedial attention revives the two year limitation period, even if a two year period without compensation payments or remedial attention has already passed. Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla.1986); Proctor v. Swing Set Day Care Center, 498 So.2d 616 (Fla. 1st DCA 1986).
The deputy herein found that Iuen’s August 1986 visit to Dr. Mahoney was not authorized and therefore that the E/C did not furnish remedial attention so as to revive the two year limitations period. However, in Ken hones Landscaping, Inc. v. Tucker, 382 So.2d 1368 (Fla. 1st DCA 1980), this court held that a claimant’s testimony of the E/C’s awareness of the need for treatment and its payment of the resulting bill demonstrates that the treatment was authorized. In this case, it was unrefuted that Iuen consulted his employer prior to seeing Dr. Mahoney in August 1986, and that the resulting bill was paid by the E/C in September 1986. The deputy’s finding that Iuen was not authorized to consult Mahoney is therefore not supported by the record, and we reverse on this issue.
The deputy made no determination on the issue of whether “remedial attention” was furnished at the August 1986 visit. It is undisputed that Dr. Mahoney performed an examination and x-rays of the knee. The record is clear that the purpose of these actions was to determine a course of treatment which Mahoney was prepared to pursue but for the E/C’s refusal to authorize it. See Barnett v. EMR Telemetry, 396 So.2d 791, 792 (Fla. 1st DCA 1981); Tower Chemical Co. v. Hubbard, 527 So.2d 886, 888 (Fla. 1st DCA 1988). We therefore find that remedial attention was furnished during the August 1986 authorized consultation, and this issue need not be revisited on remand.
Based on the foregoing, we find that the E/C voluntarily provided remedial attention in August 1986. The two year limitations period was thereby revived, Daniel, supra, and the January 1987 claim for medical benefits was timely filed. The order appealed is reversed and the case remanded for further proceedings consistent with this opinion.
BOOTH and MINER, JJ., concur.