566 So.2d 258 (1990)
CITY INVESTING/GENERAL DEVELOPMENT CORP., and the Home Ins. Co., Appellants/Cross-Appellees,
v.
William D. ROE, Appellee/Cross-Appellant.
No. 89-847.
District Court of Appeal of Florida, First District.
March 21, 1990.
On Denial of Rehearing September 7, 1990.
*259 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellants/cross-appellees.
Thomas Cassidy of Smith, Cassidy, Platt & Harris, Lakeland and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee/cross-appellant.
WENTWORTH, Judge.
The employer/carrier seek review of a worker's compensation order which imposes liability for the cost of surgical insertion of a spinal prosthetic device despite the lapse of a two-year period since the date of claimant's injury. Claimant cross-appeals a denial of disability benefits in the same order. We affirm the order and note that section 440.19(1)(b), Florida Statutes, contains a specific exception to the statute of limitations with respect to the "right for remedial attention relating to the insertion or attachment of a prosthetic device to any part of the body." (e.s.) No defense under this statute accrues with respect to a claim for such remedial care.
In contrast, there is no concomitant statutory exemption in section 440.19(1)(a) which would prevent the accrual of a limitations defense against a claim for disability benefits when there has been a lapse of more than two years from the date of injury, even when a claimant is to be provided with remedial care in the form of the insertion or attachment of a prosthetic device under section 440.19(1)(b). Proctor v. Swing Set Day Care Center, 498 So.2d 616 (Fla. 1st DCA 1986), concludes that "[u]nder the language of section 440.19(2)(a), as most recently construed, the voluntary payment of compensation or remedial treatment revives the two year limitation period, even if an accrued defense existed at the time of such payment. Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986)." (e.s.) However, Proctor is inapposite to the issue presented in this case. The provision of remedial care made by the employer in Proctor, which revived the claim for disability, was voluntary because the employer had an accrued defense which it waived by paying that which the statute did not compel. The provision of remedial care in the case at bar is not voluntary because it is required by the statutory terms, involving remedial care for which no limitations defense accrues thereunder.
Because more than two years have elapsed since the date of claimant's injury, the statute bars his current claim for disability compensation. The order requiring employer/carrier to provide claimant with remedial care relating to the insertion of the prosthesis does not revive a right to disability benefits.
We find no error in the award of remedial care or the denial of disability benefits, and affirm.
JOANOS and THOMPSON, JJ., concur.

ON REHEARING DENIED
WENTWORTH, Judge.
Appellee/cross-appellant seeks rehearing of this court's opinion in City Investing/General Development Corp. v. Roe, 15 F.L.W. 788 (Fla. 1st DCA March 21, 1990), arguing that his claim for disability benefits is not barred by the statute of limitations because under section 440.19(1)(a) disability benefits are payable despite the lapse of a two-year period since his compensable injury because his former employer has been directed to pay for remedial attention in the form of the attachment of a prosthetic device. We deny rehearing, but certify the following question as one of great public importance:

*260 IS A CLAIM FOR DISABILITY BENEFITS UNDER CHAPTER 440 TIMELY WHEN IT IS FILED WITHIN TWO YEARS OF THE DATE THAT THE EMPLOYER/CARRIER PROVIDES REMEDIAL TREATMENT RELATING TO THE INSERTION OR ATTACHMENT OF A PROSTHETIC DEVICE WHEN THERE PREVIOUSLY OCCURRED A TWO-YEAR PERIOD WHEN NO COMPENSATION BENEFITS WERE PAID OR MEDICAL TREATMENT FURNISHED?
Rehearing is denied.
JOANOS and WOLF, JJ., concur.