573 So.2d 35 (1990)
ABC LIQUORS, INC., and United Self Insured Services, Inc., Appellants,
v.
Linda CREED, Appellee.
No. 90-994.
District Court of Appeal of Florida, First District.
December 19, 1990.
Rehearing Denied January 29, 1991.
*36 Charles R. Stepter, Jr., of Fishback, Dominick, Bennett, Stepter & Ardaman, Orlando, for appellants.
Michael M. O'Brien, of O'Brien & Hooper, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order, contending that the claim should be barred by the two year statute of limitations under section 440.19(1)(b), Florida Statutes (1986). We find that in the circumstances of this case the claim, which was filed within two years of employer/carrier's last payment for medical care, is timely and we therefore affirm the order appealed.
Employer/carrier maintained below that the claim was untimely in that it "was filed more than two years after the last rendering of medical treatment or payment of compensation but was filed within two years of payment of a medical bill." Section 440.19(1)(b), Florida Statutes (1986), imposes a two year limitations period from "the date of the last payment of compensation or ... the last remedial attention ... furnished by the employer. ..." (e.s.) In Whiteman v. United Parcel Service, 438 So.2d 1042 (Fla. 1st DCA 1983), this court determined that the relevant date was when the claimant last received authorized medical care, rather than when the bill for such care was paid. But in the subsequent cases of Proctor v. Swing Set Day Care Center and Seibels, 498 So.2d 616 (Fla. 1st DCA 1986), and Iuen v. Livewire Electric Co., 538 So.2d 1312 (Fla. 1st DCA 1989), in the context of a dispute over the revival of the limitations period, which involved the same statutory language, this court emphasized that the employer/carrier's "voluntary payment" was the circumstance which revived the limitations period.
In a case where, as in Whiteman, medical services are rendered by a clearly authorized physician for an undisputed compensable condition, they might be deemed to have been "furnished" under section 440.49(1)(b) when received by the claimant, as a minimal administrative delay in effecting payment would not impact the employer/carrier's established acknowledgment of responsibility. However, when prior authorization does not exist or there is some question as to the employer/carrier's acceptance of responsibility for the particular service, medical care is not reasonably deemed to be "furnished" by the employer under the statute until the employer/carrier accept in some way their obligation, such as by payment of the medical bill. In Iuen the employer/carrier's payment of a medical bill was deemed to be determinative in establishing authorization for the medical care, so that such services were then "furnished" within the meaning of the statute of limitations. The record in the present case is inconclusive as to whether the medical care in question was expressly authorized, or if employer/carrier otherwise acknowledged their responsibility apart from later payment of the medical bill for this treatment. The record is likewise unclear as to the extent of any delay in effecting payment. In these circumstances the judge was entitled to conclude that employer/carrier had not "furnished" such care within the meaning of section 440.49(1)(b) until payment of the medical bill, and in accordance with Proctor and Iuen the claim was thus timely filed.
The order appealed is affirmed.
JOANOS, J., concurs.
ALLEN, J., dissents with written opinion.
ALLEN, Judge, dissenting.
I respectfully dissent. This case appears to me to be controlled by the holding in *37 Whiteman v. United Parcel Serv., 438 So.2d 1042 (Fla. 1st DCA 1983), wherein we held that where remedial treatment is provided by an authorized physician, the treatment is "furnished by the employer," for purposes of the Section 440.19, Florida Statutes, limitations period, when the services are performed, not when the bill for the remedial treatment is paid. Since the appellee acknowledges in her brief that the last remedial treatment prior to the disputed claim was performed by an authorized physician, and since she further acknowledges that more than two years expired between the performance of the treatment and the filing of the claim, the ratio decidendi of Whiteman appears to me to dictate a holding that the claim was barred by the limitation prescribed by 440.19.
The holdings in Proctor v. Swing Set Day Care Center and Seibels, 498 So.2d 616 (Fla. 1st DCA 1986) and Iuen v. Livewire Elect. Co., 538 So.2d 1312 (Fla. 1st DCA 1989), do not conflict with the holding in Whiteman. Those cases, like the earlier holdings in Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986); Bowman v. Food Fair Stores, 400 So.2d 793 (Fla. 1st DCA 1981), review denied, 412 So.2d 465 (Fla. 1982), and Johnson v. Division of Forestry, 397 So.2d 761 (Fla. 1st DCA 1981), review denied, 407 So.2d 1103 (Fla. 1981), merely stand for the proposition that a two-year gap in payment of compensation or furnishing of remedial treatment does not serve to bar a subsequent claim for benefits, so long as compensation has been paid or treatment has been furnished within two years prior to the filing of the claim. In fact, both Proctor and Iuen cite Daniel as authority. A careful review of the Proctor and Iuen cases reveals that the remedial treatment was performed in each case within two years prior to the claims at issue. Accordingly, any language in either Proctor or Iuen which might be taken to suggest that it is the voluntary payment for remedial treatment, rather than the performing of the remedial treatment, which constitutes the "furnish[ing]" of such treatment for purposes of the Section 440.19 limitations period is obiter dictum.
What the majority effectively does is recede from the holding in Whiteman and redefine the statutory term "furnished by the employer." Whatever may be my personal view as to how that term should be defined, the reality is that it has already been defined by the holding in Whiteman. Further, the Whiteman definition apparently comports with the legislative intent, since our legislature has seen fit to allow the language to remain intact during the seven years following the decision.
A constitution, as opposed to a statute, is a flexible document, and the meaning of terms therein may change through the passage of time as a result of changing expectations and realities of human experience. The courts assume a proper role in reflecting such evolving definitions. But where a statute is involved, the courts should be very reluctant to alter definitions once established. Such alterations are more properly within the province of the legislative branch, which created the statute in the first place, and which has ultimate authority to change it.