587 So.2d 1323 (1991)
William D. ROE, Petitioner,
v.
CITY INVESTING/GENERAL DEVELOPMENT CORPORATION, et al., Respondents.
No. 76702.
Supreme Court of Florida.
November 7, 1991.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, and Thomas Cassidy of Smith, Cassidy, Platt & Harris, P.A., Lakeland, for petitioner.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for respondents.
BARKETT, Justice.
We review City Investing/General Development Corp. v. Roe, 566 So.2d 258 *1324 (Fla. 1st DCA 1990), in which the district court certified the following as a question of great public importance:[1]
Is a claim for disability benefits under Chapter 440 timely when it is filed within two years of the date that the employer/carrier provides remedial treatment relating to the insertion or attachment of a prosthetic device when there previously occurred a two-year period when no compensation benefits were paid or medical treatment furnished?
Id. at 260. We answer the question in the affirmative and quash the decision below.
Roe was employed by City Investing/General Development Corporation (City Investing) as a pneumatic-roller operator on November 16, 1982, when he sprained a muscle in his lower back in a work-related accident. Roe was briefly treated and then continued in his employment until May 8, 1984, when he reinjured his back during another industrial accident. Roe was diagnosed as having a protruded disc and underwent a lumbar laminectomy with discectomy. He returned to work on August 1, 1984, but continued to receive treatment from his physician, Dr. Kaler, until January 16, 1985. Roe was laid off by City Investing in the early summer of 1987. He continued to have problems with his lower back and returned to Dr. Kaler for treatment in August 1987. Dr. Kaler diagnosed Roe as having a degenerative disc disease requiring surgery and recommended insertion of internal fixation plates known as "Steffee plates."
Roe filed an Amended Claim for Compensation Benefits with City Investing and its insurance carrier, Home Insurance Company, seeking past due medical expenses, temporary total or temporary partial disability benefits beginning August 14, 1987, costs, interest, penalties, and attorney's fees. City Investing and Home Insurance denied the claim as barred by the two-year statute of limitations under section 440.19(1)(a), Florida Statutes (1983). A hearing was held, and the Judge of Compensation Claims (JCC) ruled that section 440.19(1)(b), Florida Statutes (1983), exempts from the statute of limitations remedial attention relating to the insertion or attachment of a prosthetic device to any part of the body.[2] The JCC held that reconstruction of Roe's spine by the insertion of Steffee plates is the insertion of a prosthetic device, and that Roe's claim was therefore exempt from the two-year statute of limitations. Accordingly, the JCC determined that Roe's claim for remedial care was compensable. However, regarding Roe's claim for temporary total or temporary partial disability benefits, the JCC found nothing in section 440.19(1)(a) that exempted the disability claim from the two-year statute of limitations, and thus dismissed that part of Roe's claim. The First District affirmed, but upon Roe's petition for rehearing, certified the question to this Court.
Our analysis necessarily begins with the language of the statute.[3] Section 440.19(1)(a) provides in pertinent part:
The right to compensation for disability, rehabilitation, impairment, or wage loss under this chapter shall be barred unless a claim ... is filed within 2 years after the time of injury, except that, if ... remedial treatment or rehabilitative services have been furnished by the employer on account of such injury, a claim may be filed within 2 years ... after the date of the last remedial treatment or rehabilitative services furnished by the employer.

(Emphasis added.) The court below found the claimant's right to disability benefits *1325 under this exception restricted to situations where the remedial treatment was voluntary, relying on Proctor v. Swing Set Day Care Center & Seibels, 498 So.2d 616 (Fla. 1st DCA 1986) (citing Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986)). The reliance on Proctor and Daniel in this case is misplaced, however, because the version of the statute at issue in those cases contained language that could reasonably be interpreted as limiting the right to disability to voluntary remedial treatment. The statute at issue in Daniel and Proctor provided:
The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within 2 years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
§ 440.19(1)(a), Fla. Stat. (1977) (emphasis added). The legislature has since removed that language, obviously in order to remove the limitation.[4] Hence the statute in its present form unambiguously states that a claimant is entitled to disability if a claim is filed within two years of the last remedial treatment. We therefore hold that a claim for disability is not time-barred, despite a two-year gap between the injury and the claim, so long as the claim is filed within two years after the last remedial treatment.
We answer the certified question in the affirmative and quash the decision of the court below. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs specially with an opinion, in which OVERTON, J., concurs.
GRIMES, J., concurs specially with an opinion.
McDONALD, Justice, specially concurring.
A determinative issue in this case is whether the exemption to the two-year statute of limitations under section 440.19(1)(a), Florida Statutes (1983), was applicable under the facts of the case. The first question that must be answered is whether Steffee plates qualify as prosthetic devices under the statute. From my review of the record, I am not confident that a Steffee plate conforms to the definition of a prosthesis. In addition, I am doubtful that the legislature intended the exemption to encompass items such as the Steffee plate.
Unfortunately, respondents failed to put forth any evidence on this issue and the only evidence on this issue contained in the record was provided by the deposition of the petitioner's treating physician. The determination as to whether a Steffee plate is a prosthesis was for the trier of fact and the standard of review is that the determination be clearly erroneous. Therefore, while I am not confident that a Steffee plate qualifies as a prosthesis, I can not say that the trial court was clearly erroneous based on the evidence below.
The second question is whether the term "remedial attention" was intended to refer only to the maintenance and repair of prosthetic devices which were attached or inserted prior to the expiration of the limitations period, or whether the term was intended to encompass cases in which the initial application of the prosthetic device occurred after the limitations period had lapsed.
It appears more plausible that the legislature intended to provide compensation in *1326 cases in which the prosthetic device had been attached or inserted before the statute had tolled and subsequently, the prosthetic device became in need of maintenance or repair after the two-year limitations period had lapsed. In such cases there is no question as to what caused the need for treatment. The lack of a causation issue provides a logical distinction between prosthetic devices and other medical treatments and appears to be a rational explanation for the exemption.
However, as this Court held in Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986), "Florida's workers' compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers." Id. at 1256. Therefore, while I believe the legislature intended the exception to apply only to remedial care for prosthetic devices which were applied or inserted before the statute of limitations period had lapsed, the rules of statutory construction in workers' compensation cases mandate the conclusion reached in the majority opinion.
OVERTON, J., concurs.
GRIMES, Justice, specially concurring.
When the legislature amended section 440.19 to eliminate the statute of limitations for remedial attention relating to the insertion or attachment of a prosthetic device, I doubt if it intended that the providing of such remedial attention would reopen the claim period for the payment of compensation. However, I believe the plain meaning of the statutory language dictates the result we reach in this case. See Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393 (Fla. 1990).
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] Section 440.19(1)(b), Florida Statutes (1983), provides in pertinent part:

[N]o statute of limitations shall apply to the right for remedial attention relating to the insertion or attachment of a prosthetic device to any part of the body.
[3] We address only the certified question and do not address the correctness of the district court's determination that Steffee plates are prosthetic devices.
[4] The legislature removed the words "without an award" in 1979. See § 440.19(2)(a), Fla. Stat. (1979). The statute was renumbered in 1983. See § 440.19(1)(a), Fla. Stat. (1983).