610 So.2d 1264 (1992)
John HOLDER, Petitioner,
v.
KELLER KITCHEN CABINETS, and Alexsis, Inc., Respondents.
No. 78891.
Supreme Court of Florida.
October 1, 1992.
Rehearing Denied January 26, 1993.
*1265 Edward H. Hurt, Sr., Orlando, and Bill McCabe, Co-Counsel, Longwood, for petitioner.
Rex A. Hurley and John C. Bachman of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for respondents.
KOGAN, Justice.
We review Keller Kitchen Cabinets v. Holder, 586 So.2d 1132 (Fla. 1st DCA 1991), in which the First District Court of Appeal certified the following as a question of great public importance:
Is a compensation claim under Ch. 440, F.S., for temporary disability during knee replacement surgery, and for consequential impairment (cf. City Investing v. Roe, 566 So.2d 258 (Fla. 1st DCA 1990), [quashed, 587 So.2d 1323 (Fla. 1991)]), governed by Sec. 440.28 or by Sec. 440.19(1)(a) when permanent disability compensation has been previously awarded and paid under a compensation order which determined maximum medical improvement at a time when future surgery was uncertain?
586 So.2d at 1146.[1] Based on the unique facts of this case, we quash the decision under review and hold that section 440.19(1)(a) governs the compensation claim at issue.
The petitioner/claimant, John Holder, suffered a compensable injury to his right knee in March 1979. An order was entered in 1980 that found Holder had reached maximum medical improvement in February 1980 with a 40% permanent partial *1266 disability of the right lower leg. The employer/carrier, respondents in this case, were ordered to pay 80 weeks of permanent partial disability benefits and to provide continuing medical care. The order further stated if in the future the claimant should require a total knee replacement, the procedure would be solely for relief of the symptoms caused by the aggravation of the compensable injury. On appeal, the district court struck this finding from the order without explanation. Keller Kitchen Cabinets v. Holder, 397 So.2d 434 (Fla. 1st DCA 1981). The respondents paid the disability benefits and provided continuing medical care up to the time of the hearing in the instant action. A dispute between the parties regarding medical care was resolved by a 1985 order which did not address the issue of disability compensation.
In March 1988 a total knee replacement that was found to be necessitated by the 1979 compensable accident was performed on Holder. Holder sought temporary total disability benefits and other benefits relating to the knee replacement and subsequent recuperation. The respondents took the position that because Holder had previously been found to have reached maximum medical improvement by the 1980 order, he could not obtain temporary total disability benefits without seeking modification of that order in accordance with section 440.28, Florida Statutes (1977). That section provides in pertinent part:
440.28 Modification of orders.  Upon a judge's own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the judge of industrial claims may at any time prior to 2 years after the date of the last payment of compensation pursuant to any compensation order ... review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
Respondents maintained that because more than two years had passed since the last payment of compensation pursuant to the 1980 order, the limitation period expressed in section 440.28 barred Holder's 1988 compensation claim.
The judge of compensation claims found that Holder was not required to proceed by way of modification. Holder was allowed to proceed under section 440.19(2)(a), Florida Statutes (1979), currently section 440.19(1)(a), which provides that a claim for compensation is timely if filed within two years of the last furnishing of compensation or remedial treatment by the employer.
The First District Court of Appeal reversed, agreeing with the respondents that Holder was required to proceed by way of modification. However, on rehearing, the district court certified the question to this Court.
It is well established that "[e]xcept to the extent modification is permitted by Section 440.28, compensation orders are governed by the same principles of res judicata, estoppel by judgment, and the law of the case as are judgments of a court." Caron v. Systematic Air Services, 576 So.2d 372, 374 (Fla. 1st DCA 1991); see Hughes v. Denny's Restaurant, 328 So.2d 830, 838 (Fla. 1976); Hodges v. State Road Dept., 171 So.2d 523, 525 (Fla. 1965); Power v. Joseph G. Moretti, Inc., 120 So.2d 443, 445 (Fla. 1960); Boston v. Budget Luxury Inns, 474 So.2d 355, 357 (Fla. 1st DCA 1985). As explained by the First District Court of Appeal,
Section 440.28 merely serves to allow modification, upon specified conditions, of compensation orders which would otherwise bar subsequent claims for workers' compensation benefits under principles of res judicata, estoppel by judgment, or law of the case. Therefore, the existence of the requisites for application of one of these doctrines must be present before it becomes necessary for a claimant to resort to Section 440.28 for relief. The determination of whether such requisites are present necessarily turns upon *1267 the facts and circumstances presented in each case.
Caron, 576 So.2d at 374-75. Based upon the unique facts presented in this case, modification of the 1980 order was not required.
The need for knee replacement surgery and the temporary disability resulting therefrom was clearly contemplated by the 1980 order. We agree with Judge Zehmer, dissenting below, that while the district court declined to explain its reason for striking the findings concerning such surgery, the only conceivable basis had to be that any claim for benefits due to knee replacement surgery and the resulting disability was "premature and not ripe for adjudication" at the time of the 1980 order. 586 So.2d at 1140 (Zehmer, J., dissenting). Confronted with this determination, the judge of compensation claims correctly concluded that modification pursuant to section 440.28 was not required.
Modification is not required because a premature compensation claim, not ripe for adjudication, does not meet the required elements of identity in the thing sued for or identity of the cause of action necessary for application of the doctrine of res judicata. 586 So.2d at 1142 (Zehmer, J., dissenting); Albrecht v. State, 444 So.2d 8, 11-12 (Fla. 1984), superseded by statute on other grounds, Bowen v. Dept. of Envtl. Reg., 448 So.2d 566 (Fla. 2d DCA 1984); Caron, 576 So.2d at 375; Northwest Orient Airlines v. Gonzalez, 500 So.2d 699, 701 (Fla. 1st DCA 1987); Boston, 474 So.2d at 357. Likewise, the doctrines of estoppel by judgment and law of the case have no application to a compensation claim that was premature at the time of the prior proceedings and therefore was not adjudicated. See 32 Fla.Jur.2d, Judgments and Decrees §§ 102, 105, 116-18 (1981).
When resort to section 440.28 was not necessary, the judge of compensation claims properly applied the limitation provisions contained in section 440.19(2)(a), Florida Statutes (1979). At the time of Holder's compensable accident section 440.19(1)(a), Florida Statutes (1977), provided:
The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within 2 years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
(Emphasis added.) Chapter 79-40, Laws of Florida, which took effect after Holder's accident, deleted the phrase "without an award" and renumbered the provision section 440.19(2)(a). This provision has since been redesignated section 440.19(1)(a). See § 440.19(1)(a), Fla. Stat. (1983). This amendment removed the limitation restricting the exception to the two-year limitation period for filing a claim for compensation to situations where payment of compensation or remedial treatment was voluntarily provided. Roe v. City Investing/General Development Corp., 587 So.2d 1323, 1325 (Fla. 1991). Thus, under the plain language of the amendment, the extension of the limitations period applies where payment of compensation or remedial treatment has been provided either voluntarily or pursuant to an order. Amendments, such as this, that lengthen the limitation period for filing a claim apply to claims that are viable at the time of the amendment. Garris v. Weller Construction Co., 132 So.2d 553 (Fla. 1961); Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla. 1956). Therefore, Holder's claim for temporary disability benefits is governed by the 1979 amendment to section 440.19(1)(a).
The judge of compensation claims correctly determined that the compensation claim was not barred because continuing medical care was provided up to the time of the hearing on this claim. Accordingly, the decision under review is quashed and the cause is remanded for reinstatement of the order awarding compensation and attorney's fees.
It is so ordered.
*1268 BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.