PER CURIAM.
Commercial Roof Decks and Crims, Inc. (E/C) have appealed an order of the judge of compensation claims (JCC) finding that the statute of limitations did not bar the claim of appellee Phillip Flippo for remedial medical care. We reverse.
Flippo compensably injured his back on August 8, 1988, necessitating two operations, the last on June 21, 1989. It is undisputed that Flippo last consulted his authorized physician on July 5, 1989. He thereafter developed severe back pain, and on August 13, 1991, filed the instant claim for medical care. The E/C defended the claim citing section 440.19(l)(b), Florida Statutes:
All rights for remedial attention under this section shall be barred unless a claim therefor ... is filed with the division within 2 years after the time of injury, except that, if ... remedial attention ha[s] been furnished by the employer ... on account of such injury, a claim may be filed within 2 years after the date of the last remedial attention ... furnished by the employer (emphasis supplied).
The E/C maintained that the limitations period had expired on July 5, 1991, 2 years after Flippo’s last visit to the doctor, citing Whiteman v. U.P.S., 438 So.2d 1042 (Fla. 1st DCA 1983) (remedial attention is furnished on the date service is received from a medical provider). Therefore, the August 13, 1991 claim was barred. Flippo countered that Whiteman had been superseded by later cases holding that remedial attention was “furnished” when it was paid for, citing Proctor v. Swing Set Day Care Center, 498 So.2d 616 (Fla. 1st DCA 1986), Iuen v. Live Wire Electric Co., 538 So.2d 1312 (Fla. 1st DCA 1989), and ABC Liquors, Inc. v. Creed, 573 So.2d 35 (Fla. 1st DCA 1990). Flippo argued that the E/C’s payment of almost $9000 in medical bills within two years of the August 13, 1991 claim rendered it timely. The JCC agreed, and ordered the E/C to provide the requested care.
In Whiteman, the issue was whether the “last remedial attention” occurred at 1) the last examination by an authorized doctor, or 2) the date of payment for that examination some months later. The court held that it occurred at the time of the examination, and specifically held that “later payment for medical attention previously furnished” is not a renewed furnishing of attention or treatment. Whiteman at 1043. This rule was not changed by Proctor or Iuen, in which this court held that, if the E/C voluntarily pays for treatment occurring after the expiration of the limitations period, that action revives the period. In this case, it is undisputed that no treatment occurred after July 5, 1989. Under Whiteman, later payment for treatment *140 “previously furnished” does not revive the limitations period.
As for Creed, while it may perhaps be viewed as clarifying the Whiteman rule, it did not abolish it. The Creed court held that care is “furnished” at the time of payment therefor when the care was unauthorized or when the E/C’s acceptance of responsibility for the care was in question. Creed at 36. Here, the care for which the E/C paid after July 5, 1989 was authorized, and the E/C never denied its responsibility therefor. Thus, its later payment for those previous services was not “an acceptance of responsibility” constituting “furnishing” under Creed. We find that the order herein was therefore in error, and we reverse and remand for denial of the instant claim as untimely.
Reversed and remanded with directions.
JOANOS, C.J., and ERVIN and WIGGINTON, JJ., concur.