PER CURIAM.
Claimant appeals from an order of the judge of compensation claims (JCC) denying her claim for benefits as time-barred under the statute of limitations, section 440.19, Florida Statutes (1985). We affirm. Whiteman v. United Parcel Service, 438 So.2d 1042 (Fla. 1st DCA 1983).
The record demonstrates that since 1979, Claimant has received numerous chiropractic treatments intermittently from Drs. David and Donald Kuhn for various lower back problems. She was injured in an industrial accident on December 27, 1986. The Employer/Carrier (E/C) accepted the accident as compensable and paid medical benefits for services rendered from December 1986 through May 1989. The medical testimony shows that Claimant reached maximum medical improvement on February 8, 1989. On May 12, 1989, the Kuhn chiropractic offices provided the last remedial treatment. Dr. Donald Kuhn testified that he could not causally relate any impairment or new restrictions to the industrial accident. Claimant testified as to her understanding in May 1989 that she would have to begin paying for chiropractic care herself because the Carrier would no longer be responsible for payment of the treatments by the Drs. Kuhn. Henceforth, Claimant made those payments herself. She made no further request that the E/C either make any payments for chiropractic care or provide any other workers’ compensation benefits until she filed a claim for benefits on September 19, 1991.
We conclude that competent substantial evidence supports the JCC’s finding that more than two years elapsed without the E/C’s providing any payment of compensation or furnishing any remedial treatment or rehabilitative services arising out of, or attributable to, the December 27, 1986, industrial accident. Accordingly, the order denying benefits pursuant to section 440.19(1), Florida Statutes, is AFFIRMED.
ERVIN, MICKLE and DAVIS, JJ., concur.