WENTWORTH, Senior Judge,
dissenting.
The error below in tolling section 440.28, Florida Statutes, during claimant’s prior appeal requires reversal of the award in my opinion, unless we reconsider such prece-. *469 dent.[2] Contrary to the majority, I agree with the trial judge’s conclusion that, absent tolling, the current October 10,1991 claim for TTD, and for PTD thereafter, was an untimely modification claim under the statute. It was filed more than two years after entry of the order on January 12,1988 which found a 10 percent permanent partial impairment and a September 28, 1985 MMI, but also adjudicated the absence of permanent partial disability at that time and denied wage loss as unrelated.
The order on appeal, assuming tolling of the 1988 order until appellate mandate on November 7, 1989, found changes in condition and awarded compensation based on modification of the first order’s adjudication of non-disabling permanent partial impairment in 1988. The changes found were (1) existence of TTD on April 2, 1991 and (2) PTD on a new MMI date of September 22, 1991, based on change from 10 percent to 25 percent permanent partial impairment and change in degree and economic relatedness of claimant’s total loss of earning capacity.
The 1988 order plainly determined the fact of permanent impairment and MMI at that time, which the statute required as a condition precedent to disposition of that permanent partial disability wage loss claim. It thereby adjudicated an issue going to the entire merits of future temporary disability claims subject, of course, to timely modification under section 440.28. That brings this case well within the estoppel doctrine described in Caron v. Systematic Air Services, 576 So.2d 372 (Fla. 1st DCA 1991), even recognizing separate causes of action for serial periods of temporary disability under the act. Although the 1988 compensation claim was limited to permanent partial disability by wage loss, the required adjudication of permanency before reaching the merits of that claim necessarily rested on a determination of cessation of temporary disability on the date of stipulated MMI expressly accepted in the order.
As to the current claim for PTD, I find nothing in the controlling provisions or history of our statute, other than section 440.28, Florida Statutes, indicating that (contrary to tort recovery for permanent injury generally) the cause of action for permanent disability may be split into serial actions for (1) permanent partial disability (primarily wage loss) and for (2) permanent total disability from total loss of earning capacity. Instead, the provisions for permanent partial and permanent total disability compensation, both before and after advent of wage loss, state alternative measures of damages dependent upon the degree of permanent disability (loss of earning capacity) as partial or total at the time of maximum medical improvement when temporary disability ceases. Certainly wage loss and PTD claims require proof of different substantiating facts, and one may “ripen” into the other by changed factual conditions. Section 440.28 by its literal terms provides that material changes of fact after a final order on permanent disability may support modification of such order as opposed to a new cause of action for permanent disability differing in degree or character. That result does not impinge in any way on Caron’s decision that a new cause of action accrues for such claims as those for new periods of attendant care ensuing after an order relating only to lack of need during earlier periods.
Any claim for modification of a final order based on subsequent change of condition must therefore necessarily be a claim based on facts not in existence, and therefore “unripe” or not mature, at the time of the order. The significant inquiry should be whether the *470 later claim, involving new facts, nevertheless depends upon the single statutory cause of action for permanent disability from a single compensable injury. I believe an affirmative answer was well established by numerous decisions preceding the wage loss enactments. Those provisions do not, in my view, affect the principles involved since section 440.28has not been significantly amended.
The decision against applicability of section 440.28 in Holder v. Keller Kitchen Cabinets, 610 So.2d 1264 (Fla.1992), appears to me to rest basically on the Court’s perception of the earlier order there as non-final, because it effectively made the award of permanent disability benefits conditional and subject to future remedial surgical benefits expressly granted by the order. Such a qualified award of permanent disability compensation could be and was regarded as not res judica-ta of the claim for surgery and its impact on permanent disability.
In contrast with Holder the original order here was not equivocal in any way. Instead, it clearly and finally determined a 10 percent permanent partial impairment after the specific stipulated date of MMI, but found no permanent disability then existed and denied permanent partial disability compensation for periods of wage loss found to be unrelated to the adjudicated permanent compensable injury. A 1990 order in this case, also affirmed on appeal, related only to denial of wage loss for a later period on the same ground. It was apparently timely filed in accordance with specific statutory guides for serial wage loss claims, and did not require consideration of the tolling of section 440.28.
I would reverse for dismissal because, under existing case law, the current claim of October 10,1991 was filed beyond the section 440.28two-year limitation period for modification after the first order, filed January 12, 1988 but not affirmed by appellate mandate until November 7,1989.

. If the tolling question were one of first impression here, there may be merit to an argument that the appeal from the prior order here is not within the principle explained in Davis v. Combination Awning & Shutter Co., 62 So.2d 742 (Fla.1953), i.e., that litigation provoked by a party’s own acts should not ordinarily toll limitations provisions. Instead, although claimant initiated the prior appeals, such action was provoked and necessitated by the adverse orders. The terms of section 440.28, F.S. commencing limitations after entry of an adverse order, should accordingly reference the date on which such order becomes an effective finally entered order after disposition of a proper appeal. That construction clearly involves no abuse of process but instead effectuates judicial economy in successive rather than simultaneous pursuit of an appeal which may obviate the need for modification. I am also unable to see the logic in a rule which may effectively require dismissal of an appeal in order to seek modification based on change.