671 So.2d 207 (1996)
SOUTHERN BELL and Bellsouth Benefits Administration, Appellants,
v.
Charlene MacDONALD, Appellee.
No. 95-1781.
District Court of Appeal of Florida, First District.
March 27, 1996.
Rehearing Denied May 3, 1996.
*208 Robert L. Teitler of Walton, Lantaff, Schroeder & Carson, Miami, for Appellants.
Jason J. Goldstone of Goodmark & Goodmark, P.A., West Palm Beach; and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellee.
DAVIS, Judge.
Southern Bell and Bellsouth Benefits Administration ("E/C") appeal and the claimant, Charlene MacDonald, cross-appeals an order of the Judge of Compensation Claims ("JCC"), which determined that the claimant's claim was not barred by the two-year statute of limitations and awarded benefits. We affirm in part and reverse in part. We hold that the JCC erred in concluding that the statute of limitations did not commence to run in this case until the payment of Dr. Phillips' bill was made and received. We nevertheless affirm the award of benefits because we find meritorious the argument made in the cross appeal that the JCC erred by failing to determine that the statute of limitations was tolled based upon the E/C's failure to properly inform the claimant of her rights and responsibilities under the Workers' Compensation Law. The E/C concede that the JCC erred in ordering a set-off of the claimant's grievance award from her temporary partial wage loss benefits, and we therefore reverse this set-off. We find no merit to the other issues raised in the appeal and cross-appeal.
On October 22, 1985, the claimant slipped and fell in a work-related accident injuring her neck, jaw, back and knee. The claimant's last authorized remedial treatment was provided by Dr. Phillips, the claimant's authorized treating dentist, on January 10, 1989. On June 26, 1991, the claimant's attorney prepared a claim for benefits, which was received by the division on June 27, 1991. The E/C denied the claim for benefits, among other things, on the ground that the claim was barred by the statute of limitations. The claimant countered that the statute of limitations did not begin to run until the date of payment of Dr. Phillips' bill, and that the statute of limitations was tolled until she became informed of her right to workers' compensation benefits because the E/C failed to properly notify her of her rights under the Workers' Compensation Law. She maintained that she was not informed of her rights under the Workers' Compensation *209 Law until she retained an attorney and filed her claim for benefits in June 1991.
The JCC concluded that the claimant's claim was not barred by the statute of limitations based upon this court's decision in ABC Liquors, Inc., v. Creed, 573 So.2d 35 (Fla. 1st DCA 1990), review denied, 584 So.2d 997 (Fla.1991). The JCC concluded that, within the meaning of Creed, multiple submissions of the bill by Dr. Phillips' office indicated that there was some question as to the E/C's acceptance of responsibility for the particular service. The JCC therefore concluded that the dental care provided by Dr. Phillips was not "furnished" by the employer until payment was made and received by Dr. Phillips' office.
Under the facts of the present case, we hold that the JCC erred in concluding that the two-year statute of limitations did not start to run until the carrier paid Dr. Phillips' bill. There is no competent substantial evidence in the record to support the JCC's conclusion that there was some question as to the E/C's acceptance of responsibility for payment of Dr. Phillips' January 10, 1989, bill. The record shows that payment of Dr. Phillips' January 10, 1989, bill was delayed based upon the failure of Dr. Phillips' office to submit the proper claim forms, and that the carrier fully intended to pay Dr. Phillips' bill. In ABC Liquors, Inc. v. Creed, 573 So.2d 35 (Fla. 1st DCA 1990), review denied, 584 So.2d 997 (Fla.1991), this court held that where medical services are rendered by a clearly authorized physician for an undisputed compensable condition, the medical services are "furnished" under section 440.19(1)(b), Florida Statutes, when received by the claimant, as a minimal administrative delay in effecting payment would not impact the E/C's established acknowledgement of responsibility. Creed, 573 So.2d at 36. The court held that, when prior authorization does not exist or there is some question as to the E/C's acceptance of responsibility for the particular service, medical care is not reasonably deemed to be "furnished" by the employer under the statute until the E/C accept in some way their obligation, such as by payment of the medical bill. Id. Because there is no competent substantial evidence in the present case to support the JCC's conclusion that there was some question as to the E/C's acceptance of responsibility for Dr. Phillips' January 10, 1989, bill, we hold that the JCC erred in determining that the statute of limitations did not begin to run until the date of payment of his bill.
This holding, however, does not require us to reverse the JCC's award of benefits in light of the meritorious issue raised on cross-appeal that the statute of limitations was tolled on the ground that the E/C failed to properly notify the claimant of her rights under the Workers' Compensation Law. The JCC found that a vague wage loss letter that the carrier mailed to the claimant on August 2, 1988, failed to properly notify her of her rights and responsibilities under the Workers' Compensation Law. The JCC concluded that, other than the vague August 2, 1988, wage loss letter, the carrier offered no evidence that the claimant was properly notified of her rights and responsibilities under the Workers' Compensation Law. The JCC accepted the claimant's testimony that she did not understand her rights and responsibilities under the Workers' Compensation Law upon reading the August 2, 1988, letter. Being under the misimpression that the claimant was only arguing that she must be informed of the statute of limitations, the JCC determined that the statute of limitations was not tolled because he was unaware of any statutory or common law duty on the part of the carrier to advise the claimant of the intricacies of the statute of limitations.
We hold that the statute of limitations did not bar the claimant's claim for benefits because the E/C failed to properly advise the claimant of her rights under the Workers' Compensation Law. Section 440.185(2)(e), Florida Statutes (1985), provides in part:
(2) Within 7 days of actual knowledge of injury or death, the employer shall report such injury or death to the carrier and the employee, on a form prescribed by the division providing the following information:
(e) Such other information as the division may require, including a clear and understandable summary statement of the rights, benefits, and obligations of injured workers under the Workers' Compensation Law.
*210 An employer must offer or furnish benefits when the employer knows, or should know that benefits are due. Walt Disney World Co. v. Harrison, 443 So.2d 389, 394 (Fla. 1st DCA 1983). An employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. Id. This obligation cannot be met unless the employer informs the injured worker of the benefits to which he is entitled. Id. Once the employer receives information that an employee's injury or condition may be work-related, the employer is required to comply with the notice provisions of section 440.185 by informing the employee of his rights. Timmeny v. Tropical Botanicals Corp., 615 So.2d 811, 816 (Fla. 1st DCA 1993). If the employer breaches its duty to inform the employee of his rights, the running of the statute of limitations will be tolled until such time that the employee obtains actual knowledge from any source that he may be entitled to compensation benefits. Id. Because the E/C failed to properly inform the claimant of her possible entitlement to benefits and her obligations under the Workers' Compensation Law, we find that the statute of limitations was tolled until the claimant obtained actual knowledge of her possible entitlement to benefits.
Accordingly, we reverse that part of the JCC's order that determines that the statute of limitations did not commence to run until payment of Dr. Phillips' bill was made and received. We find, however, that the statute of limitations did not bar the claimant's claim for benefits because the E/C failed to properly inform the claimant of her rights and responsibilities under the Workers' Compensation Law. As the E/C correctly concede that the JCC erred in ordering a set-off of the claimant's grievance award from her temporary partial wage loss benefits, we reverse that part of the JCC's order. We affirm the order in all other respects.
AFFIRMED in part and REVERSED in part.
BARFIELD, J., and SHIVERS, Senior Judge, concur.