PER CURIAM.
Rockwell and Employers Insurance appeal a worker’s compensation order which increased the amount of benefits they were required to pay Filliben, their employee-insured. Appellants urge six points on appeal, including the ground that the statute of limitations precluded Filliben from claiming increased benefits. Because this issue demonstrates reversible error, it is unnecessary to discuss the remaining points on appeal.
In 1970, Filliben injured his back in an industrial accident. After six years of litigation, the judge of industrial claims entered an order fixing the date of maximum medical improvement as December 5, 1973, and awarded Filliben a twelve percent (12%) permanent partial disability. The order was entered on May 3, 1976. Filliben appealed, the Industrial Relations Commission affirmed, and the Florida Supreme Court denied certiorari. Filliben v. North American Rockwell et al., 354 So.2d 980 (Fla.1977). Then on May 25, 1978, Filliben filed a petition for modification, and on April 30, 1979, he filed an “application for hearing on claim.” He sought additional remedial treatment, alleging his physical impairment had increased so that the earlier finding of twelve percent (12%) disability had been “a mistake.” Although Rockwell and Employers Insurance continued to furnish medical treatment and drugs through 1979, the parties stipulated that the last payment of compensation was made April 30, 1976. The judge of industrial claims granted Filliben’s requests for additional treatment.
A judge of industrial claims may entertain a petition for modification within two years after the last compensation paid pursuant to a compensation order, or within two years of the date copies of an order rejecting a claim are mailed to the parties. Section 440.28, Florida Statutes (1979). Clearly, the time between the date of the last payment of compensation and the date Filliben filed his petition for modification exceeds the two- year limitation, so the judge of industrial claims was without authority to enter the order now appealed.
The judge of industrial claims ruled in error that Filliben’s earlier appeal to this court and to the Supreme Court tolled the statute of limitations. Davis v. Combination Awning and Shutter Company, et al., 62 So.2d 742 (Fla.1953).
Accordingly, the judge of industrial claims’ order is quashed.
MILLS, C. J„ and McCORD and THOMPSON, JJ., concur.