PER CURIAM.
Appellant entered a plea of nolo conten-dere on the charge against him of possession of cocaine. He reserved his right to appeal the denial of his motion to suppress the cocaine that he dropped to the ground after being detained by investigatory officers. We do not agree with the trial judge that the evidence in this case leads to the conclusion that the “stop” of appellant was a consensual encounter. The facts did not give the officers a well-founded suspicion that appellant had committed, was in the process of committing or was about to commit a crime. Under these circumstances, we cannot conclude that appellant’s abandonment of the cocaine was a voluntary act not induced by his encounter with the officers.
We, therefore, must reverse. Anderson v. State, 576 So.2d 319 (Fla. 2d DCA 1991). We certify the same question we certified in Anderson.
Reversed.
CAMPBELL, A.C.J., and THREADGILL and PATTERSON, JJ., concur.