576 So.2d 372 (1991)
Norman D. CARON, Appellant,
v.
SYSTEMATIC AIR SERVICES and State Farm Insurance, Appellees.
No. 90-490.
District Court of Appeal of Florida, First District.
March 11, 1991.
Rehearing Denied March 13, 1991.
*373 Robert C. Gray, Palm Bay, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellees.
ALLEN, Judge.
The claimant appeals from an order of the judge of compensation claims. He raises several points on appeal, but we find merit only in his arguments that he should have been awarded increased attendant care benefits, beginning on January 6, 1989, and that attorney's fees should have been awarded.
The appellant suffered severe head injuries in a compensable accident on August 12, 1985. Thereafter, the employer and carrier, the appellees herein, began to pay the appellant's parents attendant care compensation in the amount of $100 per week to care for appellant in their home. The appellant unsuccessfully made claim for an increase in attendant care payments in 1987. The period for which the increase was claimed was April 1, 1987 through November 5, 1987. That claim was denied in an order dated February 3, 1988. In the order, which was not appealed, the judge found that the appellant's condition at that time necessitated only passive supervision, which should occupy no more than one or two hours per day of the parents' time. Accordingly, the judge found that $100 per week was sufficient to compensate the parents for their services.
In 1989, the appellant filed a claim for various benefits, including a new claim for an increase in attendant care payments *374 from January 6, 1989, and a claim for attorney's fees. At the hearing on the 1989 claim, undisputed testimony from the appellant's physicians and a vocational rehabilitation counselor revealed that the appellant was in need of non-nursing attendant care 24 hours per day, because the appellant's accident had hampered his ability to think clearly. The experts were of the opinion that the appellant needed someone around at all times to monitor the appellant's activities, to help him make decisions, and to help control his sometimes dangerous and often irrational behavior. It was undisputed that the appellant's parents had provided these necessary services during most of the period following the accident, and had done so continuously since January 6, 1989.
In the January 19, 1990 order which is the subject of this appeal, the judge found that the claim for increased attendant care payments and attorney's fees should be denied, because the evidence presented at the hearing (1) merely showed a need for "`passive supervision' ... not 24-hour [a] day care" and (2) failed to "clearly show a change in circumstances" from those present when the 1988 order was entered. The appellant contends that the refusal to increase the payments for attendant care and to award attorney's fees was not supported by competent substantial evidence. We agree.
The judge's reference to the largely passive nature of the supervision provided by the appellant's parents suggests that the judge believed the parents were entitled to compensation for only those periods of time in which they were actively and exclusively involved in supervising and directing the appellant's activities. Since there was testimony that the parents devoted only about two hours per day to active and exclusive supervision of the appellant, the judge apparently felt that $100 per week was adequate compensation. This rationale, however, is inconsistent with our decisions holding that "on call" attendant care provided by a family member is not subject to reduction merely because the family member is involved in other household activities while simultaneously monitoring the activities of a claimant. Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA 1990); Williams v. Amax Chem. Corp., 543 So.2d 277 (Fla. 1st DCA 1989); Amador v. Parts Depot, Inc., 508 So.2d 1320 (Fla. 1st DCA 1987); and Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986). Here, the unrefuted expert medical testimony indicated that the appellant needed to be monitored constantly and that his parents were providing this service. In the absence of a sufficient, articulated reason for rejecting this testimony, the judge was required to accept it. Calleyro v. Mt. Sinai Hosp., 504 So.2d 1336, 1337 (Fla. 1st DCA 1987) (collecting cases), review denied, 513 So.2d 1062 (Fla. 1987). Accordingly, $100 per week was obviously inadequate to compensate the parents for these services.
From the judge's finding that the circumstances had not changed from those existing at the time of the 1988 order, it appears that the judge reasoned that the 1988 order had settled the question of the amount of future attendant care benefits. From this point, the judge apparently then reasoned that the 1989 claim was effectively a petition to modify the 1988 order, and that such modification could only be granted upon proof of "a change in condition" or "a mistake in a determination of fact" under Section 440.28, Florida Statutes. We disagree with this reasoning.
Except to the extent modification is permitted by Section 440.28, compensation orders are governed by the same principles of res judicata, estoppel by judgment, and law of the case as are judgments of a court. Hodges v. State Road Dep't, 171 So.2d 523 (Fla. 1965); Boston v. Budget Luxury Inns, 474 So.2d 355 (Fla. 1st DCA 1985) (collecting cases). Section 440.28 merely serves to allow modification, upon specified conditions, of compensation orders which would otherwise bar subsequent claims for workers' compensation benefits under principles of res judicata, estoppel by judgment, or law of the case. Therefore, the existence of the requisites for application of one of *375 these doctrines must be present before it becomes necessary for a claimant to resort to Section 440.28 for relief. The determination of whether such requisites are present necessarily turns upon the facts and circumstances presented in each case.
In Albrecht v. State, 444 So.2d 8 (Fla. 1984), superseded by statute on other grounds as stated in Bowen v. Dep't of Envtl. Reg., 448 So.2d 566 (Fla. 2d DCA 1984), basic principles for application of the doctrines of res judicata and estoppel by judgment were discussed as follows:
The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every actually litigated, issue. Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Lake v. Hancock, 38 Fla. 53, 20 So. 811 (1896). However, this principle only applies when the elements of res judicata are present and the doctrine properly applied. Gordon, 59 So.2d at 43. Where the second suit is upon the same cause of action and between the same parties as the first, res judicata applies. The first judgment is conclusive as to all matters which were or could have been determined. Id. at 44; Prall v. Prall, 58 Fla. 496, 50 So. 867, 870 (1909). It has been well settled by this Court that several conditions must occur simultaneously if a matter is to be made res judicata: identity of the thing sued for; identity of the cause of action; identity of parties; identity of the quality in the person for or against whom the claim is made. Donahue v. Davis, 68 So.2d 163, 169 (Fla. 1953) (cases cited). It is also a settled rule that when the second suit is between the same parties, but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined in it. Gordon, 59 So.2d at 43. Therefore, if the cause of action is not the same there will be no estoppel as to those issues which could have been litigated in the previous action. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions. Gordon; Prall; Lake.

Albrecht v. State, 444 So.2d at 11-12 (emphasis in original).
The principles discussed in Albrecht make the doctrine of res judicata inapplicable to the present case. This case involves a 1989 claim for an increase in periodic benefits which were neither claimed nor due when the 1988 order was entered. The "thing sued for" under the 1987 claim was an increase in attendant care benefits accruing only during 1987, whereas the 1989 claim was for an increase in attendant care beginning in 1989. Therefore, the evidence necessary to maintain the respective claims was entirely different. The first claim required proof of the appellant's condition in 1987, but the second claim could only be maintained by proof of appellant's condition some two years later. This absence of identity as to the thing sued for and as to the facts or evidence required to maintain the respective claims makes it clear that the 1987 and 1989 claims were different "cause[s] of action" for res judicata purposes. We therefore hold that the 1988 order was not res judicata as to the subsequent claim for an increase in attendant care benefits beginning in 1989.
We do not mean to suggest that a prior adjudication can never serve to bar an action for successive benefits where entitlement to earlier benefits has been successfully defended in a previous action. The general rule, which accords with the res judicata principles discussed above, is that where several claims due at different times arise out of the same transaction, a judgment as to one or more of such claims will not bar a subsequent action on claims becoming due thereafter. However, a successful defense to one of the actions will bar subsequent actions in the series, provided the defense involves the entire merits of the transaction. See generally 50 C.J.S. Judgments § 669.
For example, in a contract action for recovery of installment payments which *376 have come due since entry of judgment for the defendant in an earlier action to recover installments then due under the same contract, the judgment will not bar the later action, if the defendant prevailed in the earlier action simply because the plaintiff failed to prove nonpayment of the earlier installments. However, if judgment has been entered for the defendant upon a defense going to the entire merits of the contract, such as the statute of frauds, the judgment will bar the later action. But, this bar will not be under the doctrine of res judicata. Rather, the judgment will be a bar under the doctrine of estoppel by judgment, which provides that issues adjudicated in an earlier action between the same parties may not be adjudicated again between the same parties, even in an action which is a separate cause of action for res judicata purposes. See Gordon v. Gordon, 59 So.2d 40, 43-44 (Fla. 1952), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952).
In determining whether estoppel by judgment served as a bar to the 1989 claim in the present case, we must look to the basis for the earlier order determining that the appellant was not entitled to an increase in attendant care benefits. That order did not determine the entire merits of appellant's right to attendant care benefits as a result of the industrial accident. Rather, it was merely founded upon a finding as to the extent of the appellant's need for attendant care benefits during 1987. Accordingly, the 1988 order had no estoppel effect upon a later claim for an increase in attendant care benefits during 1989.
Finally, the law of the case doctrine was also not a bar to the 1989 claim. This is so because no question previously decided in the case precluded the claim.
Because res judicata, estoppel by judgment, and law of the case were not applicable to bar the 1989 claim for an increase in attendant care benefits, the claim should not have been treated as a petition for modification under Section 440.28. We therefore hold that the judge of compensation claims erred in requiring the appellant to satisfy the conditions precedent specified in that section in order to recover under his 1989 claim. By so holding, we need not determine whether the evidence presented at the hearing on the 1989 claim actually demonstrated a change in circumstances from those presented at the hearing on the earlier claim.
Since the unrefuted medical testimony presented at the hearing required an increase in the amount paid for attendant care services provided by the appellant's parents, and since neither of the reasons given by the judge for denying such increase was legally sufficient, we must reverse that portion of the order under review which denied the claim for an increase in attendant care benefits. Because we are reversing the judge's denial of an increase in attendant care benefits, we also must reverse the denial of the appellant's request for attorney's fees. In all other respects, the order will be affirmed.
Because appellant's parents were not employed, upon remand the judge should award payment for attendant care services from January 6, 1989, in accordance with Section 440.13(2)(e)(1), Florida Statutes.
Accordingly, we affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.
JOANOS, J., concurs.
WENTWORTH, Senior Judge, concurs with written opinion.
WENTWORTH, Senior Judge, concurring.
I agree with the majority's disposition of all issues, including the pertinence of general res judicata principles and the inapplicability of section 440.28, Florida Statutes, to the present claim for attendant care, because the order for such benefits at an earlier point did not determine a factual or legal issue which is dispositive of the current claim on the evidence in this case. I would emphasize the fact specific nature of any inquiry as to when a prior order granting or denying such care, or other statutory benefits, may implicate section 440.28, *377 when the current and prior claims involve an identity of issues.