Nissim **MESHULAM**, Plaintiff–Appellant,

v.

**GENERAL MOTORS CORPORATION,**
Defendant–Appellee.

No. 92–4488.

United States Court of Appeals,
Eleventh Circuit.

July 9, 1993.

Brenda J. Feinberg, Peter Ticktin, Coral Gables, FL, for plaintiff-appellant.

Daniel J. McGrath, Wendy F. Lumish, Miami, FL, for defendant-appellee.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and ALAIMO*, Senior District Judge.

JOHNSON, Senior Circuit Judge:

The plaintiff-appellant Nissim Meshulam appeals from the district court's order granting summary judgment in favor of the defendant-appellee General Motors Corporation ("GMC") on Meshulam's breach of warranty and strict liability claims arising from an allegedly defective brake system in Meshulam's GMC automobile. The district court held that Meshulam's claims were barred under Florida's doctrine of res judicata. For the reasons that follow, we affirm.

## I. STATEMENT OF THE CASE

On July 28, 1987, Meshulam was driving his 1987 Chevrolet Caprice Classic in Dade County, Florida, when he rear ended a vehicle owned and operated by Jessie Hayes. On December 2, 1988, Hayes filed a negligence action against Meshulam in Florida state court to recover damages sustained in the accident. Meshulam answered Hayes' complaint and filed a third-party complaint against Collection Chevrolet, Inc. ("Collection"), the retail seller of Meshulam's automobile. Meshulam alleged that Collection was liable for Meshulam's own collision damages under theories of breach of warranty and strict liability based upon an alleged defect in the Caprice Classic's master brake cylinder.

On June 22, 1990, Collection moved for summary judgment on Meshulam's claims on the ground that Meshulam had failed to produce evidence of any defect in the Caprice Classic's master brake cylinder. On July 6, 1990, while Collection's motion for summary judgment was still pending, Meshulam moved to amend his complaint to add GMC as a third-party defendant. The court granted Meshulam's motion, and Meshulam proceeded to amend his complaint to include breach of warranty and strict liability claims against GMC as the automobile manufacturer.

On September 5, 1990, the Florida state court granted Collection's motion for summary judgment. The court entered final judgment in favor of Collection on September 21, 1990. Meshulam then moved to amend his complaint against GMC in order to (1) delete reference to the failure of the master brake cylinder so that the alleged defect was simply that Meshulam's automobile "had no brakes," and (2) add a claim under Florida's doctrine of res ipsa loquitur. The court granted Meshulam's motion.

On September 25, 1990, GMC moved for summary judgment on Meshulam's claims. Insofar as Meshulam continued to allege a defect in the automobile's brake system, GMC argued that the case was identical to and controlled by the court's previous decision in favor of Collection. Insofar as Meshulam attempted to base his claims on Florida's doctrine of res ipsa loquitur, GMC argued that the doctrine was legally inapplicable. Before the court could rule on GMC's summary judgment motion, Meshulam voluntarily dismissed the action against GMC on October 31, 1990.

On July 24, 1991, Meshulam filed this action against GMC in Florida state court, once again raising breach of warranty and strict liability claims in connection with the July 28, 1987, accident.[1] GMC removed the action to federal district court, and filed a motion for summary judgment on the ground that Meshulam's claims were barred by Florida's doctrine of res judicata. On April 28, 1992, the district court granted GMC's motion for summary judgment and entered final judgment in favor of GMC. Meshulam now

---

* Honorable Anthony A. Alaimo, Senior U.S. District Judge for the Southern District of Georgia, sitting by designation.

1. Meshulam, however, dropped the claim arising under the theory of res ipsa loquitur in this second action.

brings a timely appeal of the district court's entry of judgment against him.

## II. ANALYSIS

■ Summary judgment is appropriate when a case presents no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The district court determined that GMC was entitled to judgment as a matter of law because the prior Florida state court judgment in favor of Collection operated as a res judicata bar to Meshulam's suit against GMC. The district court's determination of the res judicata effect of the prior judgment is a conclusion of law subject to this Court's *de novo* review. *See NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir.1990).

■ Under Florida law,[2] res judicata bars parties from bringing actions which raise issues that have already been adjudicated in a previous action between the same parties or their privies. *See Rhyne v. Miami–Dade Water and Sewer Auth.*, 402 So.2d 54, 55 (Fla.Dist.Ct.App.1981), *review denied*, 412 So.2d 469 (Fla.1982). To successfully invoke res judicata as a defense to an action, a defendant must establish (1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of parties, and (4) identity of the quality or capacity of the person for or against whom the claim is made. *Donahue v. Davis*, 68 So.2d 163, 169 (Fla.1953); *Caron v. Systematic Air Servs.*, 576 So.2d 372, 375 (Fla.Dist.Ct.App.1991); *Stevens v. Len–Hal Realty, Inc.*, 403 So.2d 507, 508 (Fla.Dist.Ct. App.1981). In products liability actions, Florida courts treat the manufacturer, the wholesale distributor, and the retailer of the allegedly defective product as identical parties for res judicata purposes. *See West v. Kawasaki Motors Mfg. Corp.*, 595 So.2d 92, 95–98 (Fla.Dist.Ct.App.), *review denied*, 604 So.2d 489 (Fla.1992).

■ Meshulam concedes that GMC established the presence of all four res judicata elements in this case. Nevertheless, Mesh-

ulam argues that he is insulated from the effects of res judicata because he took a voluntary dismissal without prejudice in his prior action against GMC. According to Meshulam, a voluntary dismissal without prejudice gives the dismissing party an absolute right to proceed with one subsequent action. Meshulam argues that in applying res judicata to defeat his second action, the district court in effect converted a dismissal without prejudice into a dismissal with prejudice. We disagree.

Under Florida law, a plaintiff has an absolute right to voluntarily dismiss his action at any time prior to a summary judgment hearing. Fla.R.Civ.P. 1.420(a)(1); *Bevan v. D'Alessandro*, 395 So.2d 1285, 1286 (Fla.Dist.Ct. App.1981). A voluntary dismissal is "without prejudice" in the sense that the defendant may not rely on the previous dismissal as a defense to any subsequent lawsuit. *See Randle–Eastern Ambulance Service, Inc. v. Vasta*, 360 So.2d 68, 68 (Fla.1978). In this case, however, GMC is relying on the final judgment entered in favor of Collection, and not on Meshulam's previous voluntary dismissal of his claims against GMC, to bar the current action.

Meshulam argues that the prior voluntary dismissal nonetheless has impermissibly prejudiced his case because he would not have been subject to a res judicata defense if he had gone ahead with his first action against GMC. Our review of Florida decisions indicates that Meshulam is incorrect in assuming he would not have been subject to a claim of res judicata in the prior action.

■ Florida case law reveals that the res judicata effect of a final Florida judgment operates immediately against both pending and subsequent actions, and even against subsequent proceedings in the same action. *See, e.g., West*, 595 So.2d at 93–98 (applying res judicata to bar action that was filed before the prior action was concluded); *Signo v. Florida Farm Bureau Cas. Ins. Co.*, 454 So.2d 3, 4–6 (Fla.Dist.Ct.App.1984) (applying res judicata to bar claim made in amended

---

2. The parties agree that Florida law governs the application of res judicata in this case. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir.1985) (federal courts apply the law of the state that rendered the first judgment to determine the res judicata effect of that judgment), *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986).

complaint after final summary judgment was entered for defendant on previous claim in same action). *See generally* 32 Fla.Jur.2d § 144 (1981). Therefore, GMC was entitled to invoke res judicata as a defense as soon as the final judgment in favor of Collection was entered.[3] Only Meshulam's voluntary dismissal prevented the issue from being adjudicated in the first action.

Under Florida law, "[a] voluntary dismissal operates without prejudice, and the dismissing party may refile *if not otherwise barred."* *Federal Ins. Co. v. Fatolitis,* 478 So.2d 106, 109 (Fla.Dist.Ct.App.1985) (emphasis added). In this case, the entry of final judgment in favor of Collection has "otherwise barred" Meshulam's maintenance of an identical suit against GMC. Therefore, the district court did not err in entering summary judgment for GMC.

### III.  CONCLUSION

For the foregoing reasons, the district court's entry of judgment in favor of GMC is AFFIRMED.

---

**3.**  In fact, GMC raised Collection's final judgment as one basis for granting GMC's own motion for summary judgment in the first state court action.