ZEHMER, Chief Judge.
The Employer and Carrier, St. Joseph Hospital and Sedgwick James of Florida, Inc., appeal the final order of the judge of compensation claims awarding Claimant, Roy H. Causey, medical care, temporary total disability benefits and permanent total disability benefits relating to an injury sustained in an industrial accident that occurred on June 27,1985. The Employer and Carrier’s principal contention is that, because Claimant’s petition for modification was not timely filed, the judge erred in modifying a 1988 compensation order as a predicate to awarding the present benefits. Because we conclude that, under the peculiar facts of the present case, modification of the 1988 order was unnecessary to establish entitlement to the benefits awarded, and because competent substantial evidence exists to support the judge’s award of benefits, we affirm.
Roy Causey was working for St. Joseph Hospital as a physical therapy aide when he injured his lower back on June 27, 1985, in a work-related accident. He received medical treatment and a period of temporary total disability benefits and continued working for St. Joseph until he resigned in April 1986. Causey then moved to Poulan, Georgia, where he eventually obtained employment with the City of Poulan driving a garbage truck and collecting trash. Because his wages with the city were less than those he had previously earned at St. Joseph, Causey filed a claim for wage-loss benefits in April 1987, seeking benefits for the period of February 1,1987, through August 81,1987.
In an order filed on January 12, 1988, the deputy commissioner approved and adopted the parties’ stipulated facts that Causey had reached maximum medical improvement on September 28, 1985, with a permanent impairment of 10% of the whole body, but denied the claim solely on the basis of his findings that Causey’s “loss of earnings” was not due to any physical limitations related to his industrial accident, that Causey’s permanent impairment was not, “as a practical matter,” disabling, and that, based on the evidence, Causey had in fact limited his income by accepting the job in Poulan. This court affirmed that order on September 29, 1989, and mandate issued November 7, 1989.
After a short period of voluntary unemployment during which he searched for another job, Causey resumed working for the City of Poulan, and continued submitting requests for wage-loss benefits, which were consistently denied by the Carrier. On October 4, 1989, Causey filed a second claim for *466 wage-loss benefits for the period December 1, 1987, through the date of the claim and continuing. Following a hearing, the deputy commissioner issued an order on April 18, 1990, denying benefits and finding that, since May 1986 (when he voluntarily resigned his employment with St. Joseph), Causey’s industrial back injury has not been an element in the causal chain of events resulting in his diminished earnings, and that his permanent impairment was not disabling. The deputy commissioner reiterated his earlier finding that Causey’s loss of earnings was due solely to economic conditions or the unavailability of employment in Causey’s chosen place of residence. This court affirmed on February 28,1992.
In the meantime, Causey and the Employer and Carrier initiated settlement negotiations, and by September 11, 1990, had reached a tentative agreement to settle Cau-sey’s past and future disability benefits. However, prior to the final settlement hearing, Causey began receiving medical treatment in January 1991 from Dr. Spain for excruciating pain in his lower back. Although the settlement hearing was ultimately held on January 22, the settlement was never finalized because Causey decided that he might need future surgery and requested a medical evaluation. Pursuant to that request, the carrier authorized an evaluation by Dr. John Baker, a neurologist in Albany, Georgia. In the interim, Dr. Spain took Cau-sey off work. Causey stopped working for the City of Poulan on February 27, 1991.
Dr. Baker first saw Causey on April 2, 1991. According to his reports, Causey’s lower back symptoms began to increase in January 1991. Dr. Baker diagnosed Cau-sey’s condition as a lumbrosacral strain/spine strain; radiculopathy involving the L5 root in the left lower extremity; and a history of a herniated nucleus pulposus at L4-5 on the left.
Dr. Baker took Causey off work on April 2, 1991, due to his back problems. Causey began to receive treatment from Dr. Baker on a regular basis through September 22, 1992, during which time Causey remained off work. Later, by deposition, Dr. Baker testified within a reasonable degree of medical probability that the symptoms and injury for which he had been providing care to Causey were causally related to the industrial accident. Dr. Baker explained that Causey’s type of injury could become progressively disabling due to degenerative disc disease, and surmised that Causey’s condition worsened from the time that he initially was able to perform his job with the city. While he testified that the nature of the work Causey performed for the City of Poulan could have aggravated his back, he nonetheless specifically related Causey’s need for medical treatment and his current disability to the industrial accident.
Dr. Baker opined that Causey reached maximum medical improvement from his current condition on September 2,1992, with an overall permanent impairment rating of 25 percent. He confirmed within a reasonable degree of medical probability that Causey cannot engage in light duty work uninterruptedly because he cannot sit or stand for any significant length of time.
Causey was also seen by Dr. Kaler, a board-certified orthopaedic surgeon on February 26, 1992. A physical examination revealed only about 50% range of motion, and x-rays confirmed degenerative disc disease at the L5-S1 with straightening of the lumbar lordosis. Dr. Kaler’s report indicated that Causey is probably developing spinal stenosis and some lateral recess stenosis, and he attributed this deterioration to a number of causes, including a progressive disease.
The Employer and Carrier requested an independent medical examination by Dr. Fredericks, a neurosurgeon. Dr. Fredericks later testified on deposition that he could not document any objective findings concerning a significant back injury, and could not arrive at a reason explaining Causey’s significant back pain. Dr. Fredericks did not ascribe any significance to a myelogram showing a disc bulge at L4-5, and did not feel that Causey was disabled from his injury. However, Dr. Fredericks did suggest that Causey undergo a differential spinal test to enable him to determine if the pain was caused by the injury. While he opined that Causey had reached maximum medical improvement, he could not render an opinion on the existence *467 of a permanent impairment without the benefit of the differential spinal test and a functional capacity evaluation.
Causey filed a third claim for benefits on October 10, 1991, seeking temporary total and temporary partial disability benefits, wage-loss benefits, and permanent total disability benefits for the period beginning on April 4, 1991, and continuing through the present. Following the issuance of this court’s mandate on March 17,1992, affirming the order denying his second claim for wage-loss benefits, Causey also filed on April 14, 1992, a formal petition for modification of the preceding orders.
At the hearing before the judge of compensation claims, Causey testified that no doctor has released him to return to work since he first saw Dr. Baker on April 2, 1991. He also testified that his back has hurt him ever since the accident, but that he has “gone downhill” since April 1991. Causey further affirmed that he has had no new accidents since the 1985 industrial accident.
In addition, Causey contended that he filed his petition for modification out of an abundance of caution only because he did not feel that the 1988 and 1990 orders needed to be modified prior to an award of his claimed benefits. The Employer and Carrier defended on a number of grounds urging that the statute of limitations under section 440.19, Florida Statutes, had run; modification was impermissible because more than two years had elapsed since the entry of the orders setting forth the findings sought to be modified; and the evidence did not establish that Causey was permanently and totally disabled or that his current condition was causally related to his industrial injury.
In the order now under review, the judge of compensation claims initially determined that the benefits claimed would “by definition require a modification of certain findings made in both of the previous orders.” The judge went on to reject the Employer and Carrier’s statute of limitations defense, finding that they had made payment for medical bills incurred by Causey as recently as one year prior to the final hearing held on February 10, 1993. Next, the judge again addressed the modification issue and ruled that if modification was required, the medical evidence provided the necessary predicate for modification of the earlier orders by establishing that Causey had suffered a change in his condition and has been totally disabled by that condition from April 2, 1991, until the present. The judge found that Causey achieved a new maximum medical improvement date of September 22,1991, and that he has been permanently disabled since that date based on Dr. Baker’s testimony.
According to the judge, his finding of permanent total disability required that he modify the prior findings that Causey had earlier reached MMI on September 28, 1985, and that his condition was not economically disabling. However, the judge also found that the claim was timely for purposes of the limitations period in section 440.28 because it was filed within two years of the filing date of the first mandate issued by this court on November 7, 1989. Based upon these findings, the judge ordered the Employer and Carrier to pay for Causey’s medical care and awarded Causey temporary total and permanent total disability benefits.
The Employer and Carrier raise two points on appeal challenging this award. They claim that the judge erred in modifying the 1988 compensation order because the modification occurred more than two years after the date copies of the last order rejecting the claim were mailed to the parties. Alternatively, they challenge the legal sufficiency of the evidence to support the judge’s finding that Causey carried his burden of establishing a change of condition for purposes of modifying the prior compensation orders. Causey, however, contends that to obtain the benefits sought, it was not necessary for him to proceed under section 440.28.
Under the facts of the present case, we conclude that modification was not necessary as a predicate for the benefits sought and awarded by the judge. Cases dealing with the application of section 440.28, Florida Statutes (1985), which permits modification of compensation orders based on mistake of fact or change of condition establish that “ ‘[e]xcept to the extent modification is permitted by section 440.28, compensation or *468 ders are governed by the same principles of res judicata, estoppel by judgment, and the law of the ease as are judgments of a court.’ ” Holder v. Keller Kitchen Cabinets, 610 So.2d 1264, 1266 (Fla.1992), quoting from Caron v. Systematic Air Services, 576 So.2d 372, 374 (Fla. 1st DCA 1991). See also Hughes v. Denny’s Restaurant, 328 So.2d 830, 838 (Fla.1976); Hodges v. State Road Dept., 171 So.2d 523, 525 (Fla.1965); Power v. Joseph G. Moretti, Inc., 120 So.2d 443, 445 (Fla.1960); Boston v. Budget Luxury Inns, 474 So.2d 355, 357 (Fla. 1st DCA 1985). In Caron, this court recognized that resort to section 440.28 is necessary only in those cases where the requisites for application of one of the above-enumerated doctrines exist. We explained:
Section 440.28 merely serves to allow modification, upon specified conditions, of compensation orders which would otherwise bar subsequent claims for workers’ compensation benefits under principles of res judicata, estoppel by judgment, or law of the case. Therefore, the existence of the requisites for application of one of these doctrines must be present before it becomes necessary for a claimant to resort to Section 440.28 for relief. The determination of whether such requisites are present necessarily turns upon the facts and circumstances presented in each case.
Id. at 374-75.
This court’s observation is particularly compelling where the compensation claim was not ripe for adjudication at the time of the prior order sought to be modified because in that circumstance, it has been held, modification is unnecessary since the claim “does not meet the required elements of the identity of the thing sued for or identity of the cause of action necessary for application of the doctrine of res judicata.” Holder, 610 So.2d at 1267. Likewise, in that circumstance, the doctrines of estoppel by judgment and the law of the case are equally inapplicable. Id.
For these reasons, resort below to section 440.28 was unnecessary.[1] Causey filed a new claim for temporary total disability benefits for a period that could not have been adjudicated at any of the prior hearings. The October 7, 1991, claim was not ripe for adjudication at any earlier time. The basis for the claim for TTD benefits beginning April 2, 1991, and PTD benefits thereafter, was the medical treatment Cau-sey received from Dr. Baker. Causey could not have filed his claim for benefits at any time prior to his seeing Dr. Baker because his condition had only just then deteriorated to a point that he was totally medically disabled. No issue was raised and no evidence existed suggesting that Causey was so disabled from a medical standpoint at any time relevant to the two previous claims for wage-loss benefits that these issues were adjudicated or capable of adjudication in the earlier orders. Therefore, Causey was not required to proceed by way of modification, and the limitations provision of section 440.19(l)(a), Florida Statutes (1985), applied. Since medical treatment was resumed by the Employer and Carrier and the claim was filed within two years after the date of the last remedial treatment furnished, the claim was not otherwise barred. Accordingly, we affirm the order under review.
AFFIRMED.
DAVIS, J., concurs.
WENTWORTH, Senior Judge, dissents with opinion.

. The Employer and Carrier are correct in arguing that the judge erred in ruling that Causey's petition for modification was timely as having been filed within two years from the date of the filing of the mandate in the first appeal in this case. Causey acknowledges our previous rulings stating that the statute of limitations on a petition for modification is not tolled during the pen-dency of an appeal. McKenney v. School Board of Palm Beach County, 456 So.2d 524, 526 n. 2 (Fla. 1st DCA 1984); North American Rockwell v. Filliben, 389 So.2d 345 (Fla. 1st DCA 1980). See also, Davis v. Combination Awning & Shutter Co., 62 So.2d 742 (Fla.1953). However, our conclusion that modification was unnecessary renders this error harmless.