Tyrone J. GREER, Plaintiff–Appellant,

v.

COUNTY OF COOK, ILLINOIS, et al., Defendants–Appellees.

Tyrone J. Greer, Plaintiff–Appellant,

v.

Bank One, N.A. Formerly Known as the First National Bank of Chicago, Defendant–Appellee.

Tyrone Greer, Plaintiff–Appellant,

v.

Frank Horton, et al., Defendant–
Appellees.

Nos. 02–2459, 02–2932, 02–3559.*

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 2002.[1]

Decided Dec. 16, 2002.

---

* In case no. 02–3559, the defendants filed a motion for summary affirmance and the plaintiff has moved to strike that motion. We deny both motions.

1. After an examination of the briefs and the records in these three appeals, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. See Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Tyrone Greer brought three factually unrelated *pro se* complaints against three separate sets of defendants, and in each case the district court found that his complaint was barred by res judicata. In all three cases, Greer filed a lawsuit, disagreed with the outcome, and refiled using a nearly identical argument. We consolidated these appeals so as to bring this proliferation of litigation to an efficient end. We affirm the judgments of the district courts.

The first case, *Greer v. County of Cook*, arose out of a dispute concerning Cook County's back-tax assessment on property Greer had purchased in 1994 and the county's subsequent sale of that property. He alleges that the Cook County Assessor or Treasurer fabricated back taxes on his property, created fraudulent documents to substantiate the back taxes, and held a hearing concerning these taxes without his knowledge. Greer further alleges that in 1997 the County Treasurer and County Clerk sold the back taxes without notifying him in advance. Greer sued the County of Cook, as well the Cook County Treasurer, Clerk, and Assessor, alleging a violation of due process and equal protection under the Fourteenth Amendment. The district court granted the defendants' motion to dismiss because the complaint was barred by res judicata: Greer had previously filed a lawsuit naming the same defendants, based on the same set of facts, and the complaint in that suit has been dismissed for failure to state a claim.

The second case, *Greer v. Bank One*, arose out of a dispute with Bank One formerly known as The First National Bank of Chicago over the handling of two credit applications that Greer had submitted in 1994 and 1995 for a real estate loan. Greer alleged that Bank One had improperly made changes in loan terms after the second application, in violation of his rights under the Truth in Lending Act, 15 U.S.C. § 1639, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691. The district court granted summary judgment for Bank One based on res judicata: another district judge had granted summary judgment for Bank One in an earlier case between the same parties involving the same set of facts.

The third case, *Greer v. Horton*, arose out of Greer's 1997 firing from his position as a high school teacher and the union grievance he subsequently filed challenging the action. Greer alleged that Frank Horton, the former principal at the high school, and the Chicago Board of Education illegally fired him in violation of Illinois statutory requirements specifying the circumstances under which teaching positions can be eliminated and providing that two weeks notice be given before any position is eliminated. Greer alleged that Horton and the Board of Education violated his due process rights by illegally eliminating his position without proper notice. Greer also alleged that Paul Vallas, the former Chief Executive Officer of the Board of Education, violated his due process rights by personally deciding his grievance, rather than allowing a representative of the Office of Labor Relations to do so. The district court granted the defendants' motion to dismiss based on res judicata: Greer had previously filed two lawsuits that named a defendant who was in privity with the current defendants, relied on the same set of facts, and ended in

a jury verdict and a grant of summary judgment.

For the doctrine of res judicata to apply, three elements must exist: (1) a final judgment on the merits; (2) the same parties or their privies; and (3) the same causes of action. *Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). Res judicata bars litigation not only of those issues actually decided in a previous lawsuit, but also all issues that could have been raised in the prior claim. *New Hampshire v. Maine*, 532 U.S. 742, 748–49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Publicis Communication v. True N. Communications Inc.*, 132 F.3d 363, 365 (7th Cir.1997). Two claims have the same or similar causes of action if they arise out of the same "core of operative facts." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338–39 (1995). A "core of operative facts" is found if two complaints are "based on the same, or nearly the same, factual allegations." *Id.* at 339.

■ In *Greer v. County of Cook*, Greer raises a host of challenges to the district court's ruling that are difficult to understand, though he appears to argue that there was no final judgment on the merits and that the prior lawsuit did not arise from the same core of operative facts. We agree with the district court that res judicata was properly applied. First, the previous lawsuit ended when the district court granted Cook County's motion to dismiss for failure to state a claim–dismissal on the merits. *Pabst Brewing Co., Inc. v. Corrao*, 161 F.3d 434, 439 (7th Cir.1998). Greer's current complaint names the identical defendants as the previous complaint. And Greer's prior complaints arose out of the same factual allegations–namely the assessment and handling of the alleged back taxes on his Chicago property. Greer cannot maintain this suit merely by

altering the legal theory and relief requested from one complaint to the next. *See Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir.1988).

■ In *Greer v. Bank One*, Greer also generally challenges the district court's ruling (again in indiscernible fashion). We agree with the district court that the three requirements of res judicata are satisfied. The first two requirements are met because Greer's previous suit against Bank One ended with a grant of summary judgment in the bank's favor–a final decision on the merits–and Bank One was the defendant in both complaints. Greer does not dispute that a grant of summary judgment is a final judgment on the merits, but he does argue that the judgment must be final at the time of the filing of the second complaint. Greer misreads the requirements for res judicata. When two lawsuits are pending simultaneously in different courts, preclusive effect is given to the judgment that is entered first, regardless of the sequence in which the suits were filed. *See Jones v. Sheehan, Young, & Culp. P.C.*, 82 F.3d 1334, 1338, n. 3 (5th Cir.1996); *see also Meshulam v. Gen. Motors Corp.*, 995 F.2d 192, 194–95 (11th Cir. 1993) (relying on Florida case law); *see also In re Hansler*, 988 F.2d 35, 38 (5th Cir.1993) (relying on the Restatement (Second) of Judgments, § 24, cmt. 1 (2002)). Greer's lawsuits also involved the same set of facts–Bank One's handling of his August 1994 and February 1995 credit applications.

■ In *Greer v. Horton*, Greer again challenges the district court's ruling, arguing that the current parties are not in privity with the defendant in the previous suits and that the previous lawsuit did not arise from the same core of operative facts. We agree with the district court that Greer's lawsuit is barred by res judicata. Greer's two previous lawsuits against the Board of Education over the

loss of his job ended in a jury verdict and a grant of summary judgment, which meet the requirements for a final judgment on the merits. Greer argues that his suits do not involve the same parties because Horton and Vallas were not named defendants in his previous lawsuits. However Horton and Vallas are in privity with the named defendant in the previous complaints, the Board of Education. Nothing in Greer's complaint suggests that he is suing Horton and Vallas in their individual capacities. *See Conner v. Reinhard,* 847 F.2d 384, 395 (1988) (privity does not exist between a government and an officer sued in his individual capacity). Greer uses their official titles in his complaint and requested injunctive relief from their allegedly illegal actions, so we treat the defendants as being sued in their official capacity. *Miller v. Smith,* 220 F.3d 491, 494 (7th Cir.2000). In suits against individuals in their official capacity, privity exists between government entities and their employees. *Gray v. Lacke,* 885 F.2d 399, 405 (7th Cir.1989). Horton, as the principal of South Shore High School, and Vallas, as Chief Executive Officer of the Board of Education, are employees of the Board of Education of the City of Chicago. Greer's lawsuits rely on the same facts–his firing and union grievance.

As in his other suits, Greer has attempted to get a second bite of the apple by arguing a different legal theory using the same core facts, which is barred by res judicata. We hereby warn Greer that further frivolous filings may result in the imposition of sanctions against him.

AFFIRMED.