PER CURIAM.
The claimant challenges an order dismissing his claim for permanent total disability benefits as barred by res judicata. The claimant argues that a prior order finding he was not then entitled to permanent total disability benefits does not preclude a different claim for permanent total disability benefits for a later period. Because the claimant’s new claim is not barred by res judicata, the order is reversed.
In September 2006, the claimant filed a petition for permanent total disability benefits from September 2005. The claimant had previously filed a petition for permanent total disability benefits from April 2000, and that claim was denied in April 2004. The September 2006 claim for permanent total disability benefits involves a different time frame from the April 2000 claim, and thus requires a different factual showing as to the claimant’s inability to work at this later time. Such claim was not ripe for review at the earlier hearing, and is not barred by res judicata. See St. Joseph Hosp. v. Causey, 667 So.2d 464 (Fla. 1st DCA 1996). Because the earlier denial of benefits for the prior time period did not go to the entire merits of future disability claims, the claimant is not required to seek modification under section 440.28, Florida Statutes. See Causey, 667 So.2d at 468.
Accordingly, the order is reversed and the ease is remanded.
ALLEN, WOLF, and POLSTON, JJ., concur.