PER CURIAM.
In this workers’ compensation case, Claimant appeals the order of the Judge of Compensation Claims (JCC) denying the reauthorization of three doctors. For the following reasons, we reverse the rulings as to two of the doctors; we affirm the other ruling without further comment.
Regarding Dr. Rajni Patel and Dr. Douglas Stringer, the JCC ruled that the claims for reauthorization were barred by the “two-dismissal” rule:
A claim or petition may be dismissed by the claimant or petitioner without an order by filing, or announcing on the record, a voluntary dismissal at any time before the conclusion of the final hearing. Unless otherwise stated in the no *438 tice, the dismissal is without prejudice, except that a second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or petition for benefits previously the subject of a voluntary dismissal.
Fla. Admin. Code R. 60Q-6.116(2). The rule should be strictly construed in favor of the party whose action would be barred — and thus a voluntary dismissal must be by a “filing” or an “announcement] on the record.” Cf. Smith v. Sylvester, 82 So.3d 1159, 1161 (Fla. 1st DCA 2012) (holding that administrative rules must be interpreted according to their plain language whenever possible).
Here, the JCC found the two-dismissal rule barred the claim for reauthori-zation of Dr. Patel, based on the dismissal of five petitions for benefits (PFBs) filed (respectively) in June 2002, October 2004, January and June 2007, and April 2012, and barred the claim for reauthorization of Dr. Stringer, based on the dismissal of three PFBs filed (respectively) on July 11 and 22, 2002, and in January 2006. We conclude this was error, for the following reasons.
There is no dispute that the first two of the five PFBs on which the JCC relied in denying reauthorization of Dr. Patel, and all three of the PFBs on which the JCC relied in denying reauthorization of Dr. Stringer, were resolved administratively (by stipulation or at mediation). This fact does not answer the question, however; evidence or concession that PFBs were administratively resolved does not establish that claims therein were “voluntarily dismissed” as the term is used in the two-dismissal rule. We find error because the requirements of rule 60Q-6.116(2) are not fulfilled here; the record does not contain any filings that could constitute notices of voluntary dismissal of these claims, or announcements on the record that would indicate that the claims in those PFBs were dismissed (which announcements could perhaps be in the form of mediation agreements, or as part of the transcripts that are included in the record on appeal).
Interestingly, the record contains a 2008 order of the JCC titled “Order Closing File,” which states that “[a]ll pending [PFBs] in the above-captioned case are dismissed ... due to the issues/claims being resolved adjudicated, dismissed, or abandoned,” and that “[a]ny party may file a written objection within 30 days from the date of this Order.” Even if this order actually dismissed the PFBs at issue (save the 2012 PFB), such dismissal was not “voluntary” because it was not instigated by Claimant, and did not meet the requirements of rule 60Q-6.116(2) that it be by “filing, or announcing on the record, a voluntary dismissal.” Despite the E/C’s argument to the contrary, a claimant’s having to take action to keep the claims open (by filing a written objection) is not equivalent to a claimant’s taking action to voluntarily dismiss a PFB; in fact, to conclude such might have due process implications.
As to the remaining three PFBs on which the JCC denied reauthorization of Dr. Patel — the January and June 2007 and the April 2012 PFBs — although these were voluntarily dismissed it is not clear they request the same benefit requested now— reauthorization of Dr. Patel. See Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873 (Fla. 1st DCA 1993) (holding factual findings are reviewed for competent substantial evidence). Specifically, they request psychotherapy pursuant to particular prescriptions — which may have been for separate time periods or a particular number of sessions — or based on a temporary change in residence (that is, during the short time Claimant lived in Jacksonville, he sought a local provider, and when he returned to Panama City he sought to return to Dr. Patel). We find error be *439 cause it is not clear the JCC applied the right law, in that the burden to prove the prior PFBs were for the same claim was on the Employer/Carrier (E/C), not Claimant, and it is also not clear that such burden was met here. See Caron v. Systematic Air Servs. & State Farm Ins., 576 So.2d 372, 375 (Fla. 1st DCA 1991) (“The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions.”) (quoting Albrecht v. State, 444 So.2d 8, 11-12 (Fla.1984), superseded by statute on other grounds as stated in Bowen v. Dep’t of Envtl. Regulation, 448 So.2d 566, 568-69 (Fla. 2d DCA 1984)). To be clear: the prior claims were not for reauthorization, or even authorization (not in Panama City), but were for particular treatment, and should the E/C believe otherwise, the burden is on the E/C to present evidence that, for example, the prior claims actually were for reauthorization of Dr. Patel, or were for the same psychotherapy sessions now at issue (which, in fact, does not appear to be the case: it does not appear any particular sessions are being requested via the instant PFB).
Because the JCC, by virtue of applying the two-dismissal rule, did not make findings regarding the other defenses the E/C asserted against the claims for reauthori-zation of Drs. Patel and Stringer, on remand the JCC is to consider those defenses.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings regarding reauthorization of Drs. Patel and Stringer.
LEWIS, C.J., WOLF and MAKAR, JJ., concur.