IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ISMAEL MORENO,

      Appellant,

v.

PALM BEACH COUNTY
SCHOOL BOARD/F.A.
RICHARD & ASSOCIATES,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1142

Opinion filed September 11, 2014.

An appeal from an order of the Judge of Compensation Claims.
Shelley H. Punancy, Judge.

Date of Accident: October 31, 2001.

Kimberly  A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale and Mitchell S. Shea
of the Law Offices of Mitchell S. Shea, P.A., Plantation, for Appellant.

Jerry K. McKim of Wyland & Tadros, LLP, West Palm Beach, for Appellee.


PER CURIAM.

In this workers' compensation appeal, Claimant contends that the Judge of

Compensation Claims (JCC) erred in granting the Employer/Carrier's (E/C's)

motion for summary final order based on application of Florida Administrative

Code Rule 60Q-6.116(2), often called the "two-dismissal" rule. We agree the JCC improvidently granted the motion and write to explain our reasons.

I.

Claimant filed his first petition for benefits (PFB) claiming entitlement to permanent total disability (PTD) benefits on September 14, 2010, requesting payment effective March 1, 2008, and continuing. The relevant compensable injury involved the low back. At a January 6, 2011, mediation conference, Claimant agreed to dismiss the claim for PTD benefits without prejudice.

Claimant next filed a PFB on July 28, 2011, also seeking entitlement to PTD benefits, now asserting an effective date of June 29, 2011, and continuing. The compensable injury remained a low back injury. By notice served March 1, 2012, Claimant's attorney voluntarily dismissed the July 28 PFB.

Claimant's third PFB for PTD benefits was filed on November 12, 2013, and alleged both a low back injury and mental/psychiatric injuries. Claimant requested payment of PTD benefits beginning April 2, 2013, the date Claimant reached maximum medical improvement for his compensable psychiatric condition that had resulted in a permanent impairment.

The E/C filed a motion for summary final order, and, relying on this Court's opinion in American Woodmark Co. v. Sipe, 117 So. 3d 70 (Fla. 1st DCA 2013), argued that "two dismissals of a claim seeking payment of [PTD] benefits bars, by

2

application of the doctrine of res judicata, any future claim seeking the payment of [PTD] benefits irrespective of the differences which might exist respecting the commencement date of the payment of those benefits between multiple Petitions."

Claimant did not dispute he had filed, and voluntarily dismissed, two PFBs seeking entitlement to PTD benefits. Claimant argued, however, that the pending PFB was based on his compensable psychiatric condition. Thus, res judicata would not apply, he argued, because the current claim was based on different evidence than either of the two previously filed claims and came into existence only after both claims were dismissed.

## II.

The JCC dismissed the pending PFB seeking entitlement to PTD benefits "with prejudice under the principles of res judicata." In doing so, the JCC relied on the Sipe opinion, and concluded that "the Sipe Court justified its reversal . . . as it pertained to res judicata, by succinctly instructing that the 'two-dismissal' rule set forth at F.A.C.R. 60Q-6.116(2) absolutely bars a PTD claim under principles of res judicata where two prior voluntary dismissals of a PTD claim have been entered."

## III.

Our review of a summary final order is de novo. See Thomas v. Eckerd Drugs, 987 So. 2d 1262, 1263 (Fla. 1st DCA 2008). Upon appellate review, all

3

reasonable inferences will be drawn in favor of the non-moving party. Id. "Summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. If the evidence is conflicting, will permit different reasonable inferences, or tends to prove the issues, it should be submitted to the trier of fact." Id. This accords with the Legislature's stated intent "that workers' compensation cases shall be decided on their merits." See § 440.015, Fla. Stat. (2001).

IV.

The JCC erred by focusing solely on the specific benefit claimed—PTD benefits—without giving due consideration to the general principles regarding res judicata. Because the two-dismissal rule is based on principles of res judicata, see Sipe, 117 So. 3d at 71, guidance must be taken from case law addressing both res judicata and the two-dismissal rule.

In Caron v. Systematic Air Services, 576 So. 2d 373 (Fla. 1st DCA 1991), this Court described how the long-standing principles behind the doctrine of res judicata should be applied in workers' compensation matters. Res judicata applies only when all of its elements are present. Id. at 375. As explained by the Caron Court, a "determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both

4

actions." Id. It is this factor that is the key to a determination of whether Claimant's third PFB was barred by the two-dismissal rule and res judicata.

This Court has recognized that even where the class of benefit may be the same, the question remains whether the evidence is the same. See Brown v. Jerry Pybus Electric, 124 So. 3d 436, 438-39 (Fla. 1st DCA 2013) (reversing JCC's dismissal of PFB because it was unclear whether all PFBs requested re-authorization of Dr. Patel as opposed to psychotherapy pursuant to particular prescription). The burden was on the E/C, as the moving party, to prove that the claims were the same. Id. Here, the third PFB claimed entitlement to PTD benefits effective on a date subsequent to the filing date of the previously dismissed second PFB seeking PTD benefits. In addition, the third PFB alleged that a new condition required consideration: Claimant's mental/psychiatric condition, one already accepted as compensable by the E/C. These allegations arguably represent a different set of facts than was present before; consequently, it was incumbent on the JCC to consider them and determine whether they differed from those facts integral to the previously filed PFBs.

V.

Because the facts as to whether the evidence was the same were not so crystallized as to leave nothing but a question of law, the JCC erred in granting the E/C's motion for summary final order.

Accordingly, the order on appeal is REVERSED, and this matter is REMANDED for proceedings consistent with this opinion.

WOLF, ROWE, and OSTERHAUS, JJ., CONCUR.