# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1267

_____

PRADA USA CORP/TRAVELERS
INSURANCE COMPANY OF
AMERICA,

    Appellants,

    v.

CHARLES YOUNG,

    Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
Walter J. Havers, Judge.

Date of Accident: April 30, 2003.

May 2, 2019

PER CURIAM.

The Employer/Carrier appeal an order holding that res judicata did not bar Claimant from seeking benefits in 2017 similar to benefits he had sought, but withdrawn before hearing, in 2015. Claimant had injured his lumbar spine, among other things including his knee, in the industrial accident; and the E/C provided treatment and other benefits related to the lower back injury from 2003 through 2014. In December of 2014, Claimant filed a new petition for benefits seeking Lidoderm patches and lumbar physical therapy as recommended by his authorized neurologist. By that time several of Claimant's healthcare

providers had concluded that Claimant's condition was attributable to pre-existing degenerative conditions rather than to the industrial accident. Shortly before the scheduled hearing on the 2014 PFB, Claimant's authorized neurologist opined in his deposition that the ongoing symptoms were not related to the work accident, and the recommended Lidoderm patches and lumbar physical therapy were not medically necessary due to the work accident. Claimant withdrew the lower-back claim before the PFB went to hearing on other benefits involving Claimant's knee injury.

Beginning in the fall of 2015, less than three months after he withdrew his PFB for lumbar spine treatment, Claimant began seeing a physician for persistent lumbar spinal pain. After six months, that physician recommended that future treatment be provided by a spine doctor or neurosurgeon. Almost a full year later, on March 24, 2017, Claimant filed a new PFB requesting follow-up with that physician, but the E/C authorized treatment solely for the left shoulder. In September of 2017, Claimant again filed a PFB requesting evaluation and treatment for his lumbar spine.

For the hearing on the 2017 PFB, the E/C asserted that Claimant's requests for spinal treatment were barred by res judicata because the same treatment had been requested and withdrawn prior to the 2015 hearing. The JCC rejected the res judicata argument on the grounds that the 2015 PFB had narrowly requested Lidoderm patches and lumbar physical therapy, whereas the 2017 request more broadly sought lumbar evaluation and any treatment deemed necessary as a result of that evaluation. The JCC found that this distinction was sufficient to destroy the "identity of the thing sued for" element of res judicata, citing *Caron v. Systematic Air Servs.,* 576 So. 2d 372, 375 (Fla. 1st DCA 1991). The JCC also accepted Claimant's argument that under the 120-day rule, the E/C waived any right to deny compensability of the lumbar spine after stipulating to compensability in 2005 and providing treatment for more than a decade.

We observe that while the doctrine of res judicata may have its place in the workers compensation arena, it is a difficult concept to apply to physical conditions that can and do change over time

2

and often involve complex multi-factorial considerations. However, we find it unnecessary to reach the res judicata issue here, because we conclude that the JCC correctly invoked the 120-day rule as precluding the E/C's argument against industrial causation of the lumbar spine injury. We note that the E/C can raise an MCC defense whenever the evidence supports it, and raised it below; but did not argue that issue on appeal.

AFFIRMED.

ROBERTS, KELSEY, and WINSOR, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Kurt J. Wirsing of Miller, Kagan, Rodriguez & Silver, P.L., Coral Gables, and Steven H. Preston of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for Appellants.

William F. Souza of Law Offices of William F. Souza, P.A., North Miami Beach, for Appellee.